PEARSON, Judge.
The appellants successfully defended an action brought by the appellee for specific performance of a contract to sell real property. The appellee claimed the right to purchase the property through an assignment of the contract. The contract provided for costs and attorney’s fees as follows : “In connection with any litigation arising out of the contract, the prevailing .party shall be entited [sic] to recover all costs incurred, including reasonable attorney’s fees.”
The final judgment dismissing appellee’s complaint was entered March 23, 1973; it contained the following provision:
“2. The Court reserves jurisdiction to assess and enter judgment for costs and reasonable attorneys fees to be hereafter taxed.”
Thereafter, on April 5, 1973, the trial court denied appellants’ motion for attorney’s fees.
The trial judge did not set forth the ground for the denial of attorney’s fees in his order. However, the plaintiff-appellee contended before the trial court that as a result of the contract being cancelled prior to its assignment, the provision for attorney’s fees ceased to exist. We hold that the plaintiff is estopped to maintain such a position in an action in which he has sought s )ecific performance of a contract providing for attorney’s fees. Cf. Keller v. Penovich, Fla.App.1972, 262 So.2d 243; Federated Mutual Implement and Hardware Insurance Company v. Griffin, Fla.App.1970, 237 So.2d 38.
*400 Wherefore, the order denying attorney s fees is reversed and the cause is remanded with directions to the trial court to set a fee in accordance with the value of the services rendered.
Reversed and remanded.