MAY, C.J.
“What is sauce for the goose is sauce for the gander.”
This case returns to us in an appeal from an order awarding attorney’s fees and costs. The award arose from the doctor’s successful defense of the medical association’s breach of contract claim. We previously affirmed the underlying summary judgment in favor of the doctor. We now reverse the order awarding fees.
The medical association filed a one-count breach of contract claim against the doctor seeking liquidated damages for the doctor’s termination of an employment agreement. The doctor denied the claim. He successfully argued that the employment agreement was unenforceable because the medical association failed to provide the requisite written notice to commence the agreement term.
The trial court granted summary judgment in the doctor’s favor, finding that the employment agreement was unenforceable. We affirmed the summary judgment. See Surgical Partners, LLC v. Choi, 88 So.3d 957 (Fla. 4th DCA 2012).
The doctor subsequently moved for an award of attorney’s fees and costs, pursuant to the prevailing party fee provision of the employment agreement. At the hearing on entitlement, the doctor argued that notwithstanding that the employment agreement term never commenced and the liquidated damages provision was unenforceable, he was entitled to prevailing party fees because that provision of the agreement remained effective. In response, the medical association argued that the doctor was not entitled to attorney’s fees if the agreement never commenced.
The trial court took the matter under advisement and subsequently entered an order granting entitlement to fees. In its order, the court wrote: “This was an agreement that did exist but [was] unenforceable due to the failure to send written notice.” The medical association moved for reconsideration and argued that a lack of notice was tantamount to a failure of a condition precedent. Therefore, there was no enforceable agreement and no prevailing party fees provision to apply. The *1269 trial court denied the motion for reconsideration.
The trial court subsequently entered a final judgment for attorney’s fees and costs. From this final judgment, the medical association now appeals.
The medical association continues to argue that the attorney’s fees judgment should be reversed because the employment agreement never took effect. The doctor responds that the employment agreement existed, but the liquidated damages provision was unenforceable due to the lack of written notice to commence. He suggests that the attorney’s fees provision survived that defect.
We have de novo review of this contract as it relates to the issue of entitlement to attorney’s fees. Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc., 53 So.3d 348, 355 (Fla. 4th DCA 2011).
“[F]or the purpose of determining whether an award of attorney’s fees is proper under a contract’s prevailing party fee provision, ‘there is a difference between contracts that never came into existence and contracts that exist but are later found to be unenforceable.’ ” Tarr v. Honea, 959 So.2d 780, 781 (Fla. 4th DCA 2007) (quoting Fabing v. Eaton, 941 So.2d 415, 418 (Fla. 2d DCA 2006)).
No binding contract is formed when a condition precedent to its formation never occurs. Mitchell v. DiMare, 936 So.2d 1178, 1180 (Fla. 5th DCA 2006). Here, the agreement plainly set out its term of operation in article two, which provides:
The Agreement term shall initially be for five (5) years (the Agreement Term), commencing on the Effective Date, defined below.... The Effective Date means the date that the Employee begins providing surgical services for the Company pursuant to this Agreement, which date shall be the date on which the Company commences active business operations, pursuant to a written notice to be delivered in accordance with Article 11, below ....
(Emphasis added).
Written notice was a condition precedent to formation. The medical association never sent that notice, which permitted the trial court to grant the doctor’s motion for summary judgment. It was on this basis that we affirmed the summary judgment. The doctor simply cannot avoid a liquidated damages provision by claiming the agreement never came into effect, or was unenforceable, and at the same time be entitled to attorney’s fees under the same agreement.[1] See Blosser v. AADCO Enters., Inc., 526 So.2d 126, 126 (Fla. 5th DCA 1988) (affirming the denial of contractual attorney’s fees where the defendant prevailed in a breach of contract action by asserting that plaintiff never performed the condition precedent to the contract). For this reason, we reverse and remand the case to the trial court to vacate the attorney’s fees award.[2]

Reversed and Remanded to Vacate the Attorney’s Fees Award.

STEVENSON and LEVINE, JJ„ concur.

. We find Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989); Giltex Corp. v. Diehl, 544 So.2d 302 (Fla. 1st DCA 1989); and Tarr v. Honea, 959 So.2d 780 (Fla. 4th DCA 2007) unpersuasive to the doctor’s position.

. We note that the judgment lumps attorney's fees and costs together. Upon remand, the trial court should vacate only the attorney’s fees awarded.