WARNER, J.
After appellants prevailed on the breach of contract and fraud claims brought by the appellee, they moved for attorney’s fees based upon a provision in the contract. Appellee then defended, claiming that appellants were not a party to the contract, even though it claimed they were the real parties in interest in its complaint and at trial. The trial court agreed and denied attorney’s fees. We reverse, concluding that appellee is estopped from disavowing its contention that appellants were bound by the contract.
In its complaint, appellee, Technogroup, d/b/a Accelerated Business Solutions (ABS), alleged that it entered into a contract for lease and maintenance of a copier. Although the contract showed that it was to be billed to Lawen Corp., ABS alleged in its complaint that the contract was signed by appellant, Joel Mason, on behalf of his corporation MCG Financial Services LLC, doing business as Approved Associates and Joel Mason individually. It sued both for breach of contract and fraud as to Mason individually. As part of the allegations, it sought attorney’s fees under the contract. MCG and Mason filed an answer and affirmative defenses. They also demanded attorney’s fees under the contract.
At the non-jury trial, ABS admitted the contract without objection. In its case in chief, ABS published portions of the deposition of Mason in which he admitted that he signed the contract for MCG and not for Lawen. Both counsel also stipulated that MCG was the real party in interest. MCG’s predecessor in interest, Lawen, *120 was named in the contract, because ABS’ sales agent simply had not changed the title to reflect that the agreement was with MCG. In his own testimony, Mason acknowledged the contract and the intention to bind MCG. MCG defended on the ground that it had paid a collection agency all sums that were due and received a release. Ultimately, the trial court found in favor of Mason and MCG.
MCG and Mason then moved for attorney’s fees relying on the contractual provision allowing fees. At the hearing, ABS was represented by a new attorney who argued that she was not bound by what ABS’ prior attorney had alleged. ABS now claimed that the contract was between ABS and Lawen, not between ABS and MCG/Mason. The trial court accepted this argument and denied MCG and Mason fees because they were not parties to the contract.' MCG and Mason appeal the denial of fees.
ABS is estopped from arguing, in opposition to the contractual provision for attorney’s fees, the completely inconsistent position that MCG and Mason were not parties to the contract, where it had based its case on its claim that MCG and Mason were bound by the contract. “[L]itigants are not permitted to take inconsistent positions in judicial proceedings and [ ] a party cannot allege one state of facts for one purpose and at the same action or proceeding deny such allegations and set up a new and different state of facts inconsistent thereto for another purpose.” Fed’d Mut. Implement & Hardware Ins. Co. v. Griffin, 237 So.2d 38, 41 (Fla. 1st DCA 1970). For instance, in Ross v. Hacker, 284 So.2d 399 (Fla. 3d DCA 1973), Hacker brought suit, for specific performance of a contract for a sale of real property assigned to him. Ross successfully defended by arguing that the contract was cancelled prior to its assignment. Subsequently, Ross sought attorney’s fees under the contract. Hacker argued that because the contract was cancelled prior to its assignment there could be no attorney’s fees awarded under the contract. The trial court denied fees. The appellate court reversed and ruled that Hacker, who had sought specific performance of the contract, was estopped from claiming that the contractual attorney’s fees provision was terminated when the contract was can-celled.
Similarly, in Nudel v. Flagstar Bank, 60 So.3d 1163 (Fla. 4th DCA 2011), we relied on Ross and held that a bank could not take inconsistent positions with respect to the applicability of a mortgage so as to avoid attorney’s fees. There, Flagstar sued to foreclose Nudel’s mortgage and then sought attorney’s fees. Nudel moved to dismiss on grounds that the mortgage had not been assigned to Flagstar until after the suit had been filed. The court granted the motion to dismiss and Nudel sought an award of attorney’s fees which were denied. We reversed the denial of fees, because Flagstar sought affirmative relief under the mortgage and could not subsequently take the position that the provisions of the mortgage did not apply to it.
In this case, as in Ross and Nudel, ABS sought to enforce the contract against MCG and Mason but then disavowed the contract when it came to the assessment of attorney’s fees pursuant to its provisions.
. ABS argues that it is not estopped from challenging the award of fees because, although ABS sued on a contract, the contract was between ABS and Lawen. Because it was unsuccessful in its argument that Mason had authority to bind Lawen *121 and should be responsible for honoring the contract, ABS argues, it shouldn’t be required to pay fees under the contract. The trial, however, belies this contention. All parties agreed that the contract was signed by Mason, and all parties stipulated that Mason and MCG were the parties in interest to the contract. ABS claimed that Mason and MCG were bound by the contract, and Mason and MCG never argued otherwise. Instead, they claimed that they had been released from the contract’s obligations by payment of sums due.
Moreover, even if ABS were not es-topped from denying the contract, the trial court’s conclusion that MCG and Mason were not parties to the contract is contrary to all the evidence and stipulations at trial. The cases on which ABS relied in convincing the trial court to deny fees are both distinguishable. In both David v. Richman, 568 So.2d 922 (Fla.1990), and Gibson v. Courtois, 589 So.2d 459 (Fla.1989), motions for fees were denied because the court found that the contract on which the request was based was never formed between the parties. The David court cited Blackhawk Heating and Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404, 408 (Fla.1974), which held that an agreement may be binding if the parties agree on the essential terms and understand and intend the agreement to be binding on them. David, 568 So.2d at 924. In the present case, a contract was formed because the parties agreed on the essential terms and intended to be bound. ABS sued on the contract and alleged that MCG and Mason were bound by it. MCG stipulated it had intended to bind MCG when Mason signed the contract. The mistake in the name on the contract was not relied on by ABS as a ground for defeating the contract until it lost, and MCG and Mason sought attorney’s fees under the contract.
For- the foregoing reasons, we reverse the order denying fees and remand for the court to determine the amount of fees due.
STEVENSON and GERBER, JJ., concur.