LAMBERT, J.
The Bank of New York Mellon, as Trustee for the Benefit of Alternative Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2 (“Bank”), appeals the trial court’s May 1, 2014 order entitled “Order Granting Motion for Clarification, Vacating November 12, 2013 Order and Upholding Order Granting Defendants’ Amended Motion for Attorney’s Fees.” Subsequent to Bank filing its premature notice of appeal, the trial court entered a final order denying Bank’s motion for leave to amend, dismissing the action without prejudice, and directing Bank, if it chose to do so, to file a new action.[1] Thus, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110(i). See, e.g., Fla. Dep’t of Corr v. Schwarz, 134 So.3d 1002, 1005 (Fla. 1st DCA 2012) (permitting review of nonfinal order where “the prematurely filed notice of appeal became effective and conferred jurisdiction when [Public Employees Relations Commission] entered its final orders”).
This case has a convoluted procedural history. It began when Bank filed suit to foreclose a mortgage purportedly executed by Appellees, Hector and Veronica Mestre (the “Mestres”). In a single motion, the Mestres moved to strike Bank’s pleadings for “fraud upon the court” and for sanctions, alleging that their signatures were not the signatures on the mortgage being foreclosed upon. On April 29, 2013, following an evidentiary hearing, the court entered an order granting the Mestres’ motion to strike Bank’s pleading with prejudice, finding that the evidence was “clear and overwhelming” that the signatures on the mortgage were “not the signatures of the defendants.” At the *955 hearing, and in its order, the court held that the Mestres were entitled to an award of attorney’s fees against Bank for an amount to be determined at a latér date, but the court did not indicate the basis for the award. The court did, however, specifically deny the Mestres’ motion for sanctions against Bank and its counsel. In the same order, the court also directed Bank to deliver to the clerk of the court the original note and mortgage, and the clerk of the court was directed to immediately stamp these original instruments as “can-celled.”
On May 2, 2013, Bank filed a motion for leave to file an amended complaint to include “an action for the imposition of an equitable lien on property.” On August 1, 2013, the court entered two contradictory orders-one that granted Bank’s motion for leave to file the amended complaint, and one that denied Bank’s motion for leave to file the amended complaint. Faced with these conflicting orders, Bank filed a motion for clarification. Our record does not reflect that the court specifically ruled on Bank’s motion for clarification; however, a different senior circuit judge (“the second judge”) later entered a separate order, which granted Bank leave to file its amended complaint.
Prior to responding to the amended complaint, the Mestres filed a motion for attorney’s fees pursuant to the prevailing party attorney’s fees provision in the mortgage contract. The Mestres later filed an amended motion for attorney’s fees, seeking an award of attorney’s fees based on the April 29, 2013 order, which previously determined the Mestres’ entitlement to attorney’s fees. In the amended motion, the Mestres explicitly withdrew all arguments made in the original motion for attorney’s fees.[2] The Mestres then filed a motion for extension of time to respond to the amended complaint, which was granted. Before a response to the amended complaint was filed, the second judge held a hearing on the Mestres’ amended motion for attorney’s fees. At the conclusion of the- hearing, the judge instructed the parties’ attorneys to submit proposed orders, which they both did.
On October 30, 2013, the second judge entered an order granting the Mestres’ amended motion for attorney’s fees, awarding over $20,000 in fees to the Mes-tres. However, on November 12, 2013, the second judge entered a contradictory order, denying the Mestres’ amended motion for attorney’s fees. Puzzled by these conflicting orders, the Mestres filed a motion for clarification. Shortly thereafter, the Mestres filed a motion to dismiss the amended complaint, asserting that the first judge’s August 1, 2013 order denying Bank’s motion for leave to amend “is still procedurally binding upon this court without an order vacating the same.”[3]
The second judge then held a hearing on the Mestres’ motion to dismiss the amended complaint. On March 10, 2014, the second judge entered an order declining to rule on the Mestres’ motion to dismiss. Specifically, the second judge wrote: “The undersigned judge hereby rescinds nunc pro tunc any order granting plaintiffs motion for leave to amend complaint as it was *956 entered in error. All further matters in this case are hereby referred to [first judge]. The undersigned shall take no further action in this case.” A literal reading of this order results in the rescission of the two separate orders granting Bank leave to amend but has no effect on the August 1, 2013 order, which denied Bank leave to amend.
Thereafter, the Mestres’ motion for clarification regarding the conflicting attorney’s fees orders was addressed by the first judge. On May 1, 2014, apparently without a hearing, the first judge entered the order on appeal, finding that the November 12, 2013 order (entered by the second judge, denying the Mestres’ motion for attorney’s fees) “was entered due to clerical error.” Accordingly, the order vacated the November 12, 2013 order and upheld the October 30, 2013 order (entered by the second judge, awarding the Mestres $20,068.75 in attorney’s fees).
Bank then scheduled a hearing before the first judge on its motion for leave to file an amended complaint. On September 18, 2014, the first judge entered a final order denying Bank’s motion for- leave to file an amended complaint. The order provided that “[t]he pleadings were stricken and this action is dismissed without prejudice. Plaintiff may file a new action against defendants if they choose to do so.”
On appeal, Bank argues that the Mes-tres are not entitled to recover attorney’s fees because no basis for the award exists. See, e.g., Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla.1985) (stating that the Florida Supreme Court has adopted “the ‘American rule’ that attorney fees may be awarded by a court only when authorized by statute or by agreement of the parties”), holding modified by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).
Bank correctly asserts that no contractual authority exists to support the attorney’s fees award because, notwithstanding the prevailing party attorney’s fees provision in the mortgage, the court, at' the urging of the Mestres, found that the signatures on the mortgage were fraudulently executed. As a result, the forged document became void and unenforceable. Jamnadas v. Singh, 731 So.2d 69, 70 (Fla. 5th DCA 1999) (“A forged mortgage is void, a legal nullity.” (citing Se. Bank, N.A. v. Sapp, 554 So.2d 1193 (Fla. 1st DCA 1989))). Moreover, because the trial court found that the Mestres’ signatures were not the signatures on the loan documents, no legal obligations were ever created between the parties. See Leitman v. Boone, 439 So.2d 318, 319 (Fla. 3d DCA 1983) (“Since there is no basis to conclude that the attorney’s fee provision was a separable mini-contract enforceable in and of itself, the trial court’s finding that no contract was ever formed means that no legal obligations whatsoever were created between the parties and that an award of attorney’s fees is precluded.” (citations omitted)).[4] Thus, the Mestres were not entitled to attorney’s fees based on any agreement between the parties.
Similarly, there is no statutory basis for the attorney’s fees award. In their origi *957 nal motion for attorney’s fees, the Mestres cited to section 57.105(7), Florida Statutes, which provides:
If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
§ 57.105(7) Fla. Stat. (2013). As an initial matter, we are doubtful that section 57.105(7) authorizes attorney’s fees pursuant to a contract that was found to have never existed. In any event, in their amended motion, the Mestres specifically abandoned this argument, instead asserting their entitlement to attorney’s fees was based on the court’s April 29, 2013 order. Thus, the Mestres’ were not entitled to attorney’s fees based on statute either.
In Bitterman v. Bitterman, 714 So.2d 356 (Fla.1998), the Florida Supreme Court held that in the absence of statutory or contractual authority, a court could award attorney’s fees under the “inequitable conduct doctrine.” 714 So.2d at 365. The court later extended the Bitterman inequitable conduct doctrine to include attorney’s fees as a sanction against a party’s attorney for bad-faith conduct. Moakley v. Smallwood, 826 So.2d 221, 227 (Fla. 2002); see, e.g., T/F Sys., Inc. v. Malt, 814 So.2d 511, 513 (Fla. 4th DCA 2002) (applying Moakley when the attorney’s fees award is a sanction against a party pursuant to Bitterman). However, an award of attorney’s fees as a sanction against a party or attorney under Moakley “must be based on an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorney’s fees.” Moakley, 826 So.2d at 227; Allegheny Cas. Co. v. Roche Sur., Inc., 885 So.2d 1016, 1020 (Fla. 5th DCA 2004) (reversing the award of attorney’s fees where “the trial court did not follow the procedures described in Moakley”). Here, the attorney’s fees award is not appropriate under the inequitable conduct doctrine because the trial court specifically found no “improprieties or unethical conduct” by Bank’s counsel and expressly declined to impose sanctions against Bank because the court was not convinced that Bank “was to blame.”[5]
Accordingly, because the award of attorney’s fees is not sustainable by contract, statute, or the inequitable conduct doctrine, and no other argument in support of the award has been demonstrated,[6] we reverse the award of attorney’s fees entered in favor of the Mestres and vacate the April 29, 2013, October 30, 2013, and May 1, 2014 orders, but only to the extent that these orders determine the entitlement or the amount of attorney’s fees.
REVERSED.
EVANDER and BERGER, JJ„ concur.

. An order dismissing an action without prejudice and without granting leave to amend is a final order. See Hinote v. Ford Motor Co., 958 So.2d 1009, 1010-11 (Fla. 1st DCA 2007) ("The order of dismissal is clearly final when, for instance, the claim could only be pursued by filing a new complaint....” (citing Delgado v. J. Byrons, Inc., 877 So.2d 822 (Fla. 4th DCA 2004))); Silvers v. Wal-Mart Stores, Inc., 763 So.2d 1086, 1086 (Fla. 4th DCA 1999) ("The fact that the dismissal is not with prejudice is not determinative of whether the order is final and therefore appealable.”); Carnival Corp. v. Sargeant, 690 So.2d 660, 661 (Fla. 3d DCA 1997) ("In Gries we held that a dismissal need not be with prejudice to be a final order for appeal purposes.” (citing Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1282 (Fla. 3d DCA 1980))).

. In a footnote in the amended motion for attorney's fees, the Mestres stated, "The attorney that prepared the original Motion for Attorneys’ fees was unaware that the Court already entered an order entitling Homeowners to attorneys’ fees and that the only issues left were amount and reasonableness. The earlier filed Motion for Attorneys' fees is hereby withdrawn and replaced with the instant Amended Motion.”

. In their motion, the Mestres did not address why the earlier orders granting Bank leave to amend were not "procedurally binding.”

. In limited circumstances, a party may recover attorney's fees pursuant to a contract even though the contract is later rescinded by the court. See, e.g., Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla. 1989); Bus. Aide Computers, Inc. v. Cent. Fla. Mack Trucks, Inc., 432 So.2d 681, 682 (Fla. 5th DCA 1983) (finding a choice of law provision in a contract applicable even though the appellee claimed the contract was fraudulently induced). However, in the instant case, these circumstances do not apply because, based on the trial court’s finding, no contract ever existed. See David v. Richman, 568 So.2d 922, 923 (Fla.1990) (holding that "a party is precluded from claiming attorney’s fees under a contract which has been found to have never existed”).

. Bank was not the original lender.

. The Mestres have not filed an answer brief.