IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HFC COLLECTION CENTER, INC.,

    Petitioner,

v.                                                                          Case No.  5D15-1177

STEPHANIE ALEXANDER,

    Respondent.

_____/

Opinion filed April 22, 2016

Petition for Certiorari Review of Decision
from the Circuit Court for Orange County
Acting in its Appellate Capacity.

Brett H. Burkett, and Thomas Lobello, of
Rolfe & Lobello, P.A., Jacksonville, for
Petitioner.

Taras S. Rudnitsky, of the Rudnitsky Law
Firm, Longwood, Nicholas A. Shannin, of
the Shannin Law Firm, P.A., Orlando, and
James C. Hauser, of Attorney's Fees in
Florida, P.L., Maitland, for Respondent.


EDWARDS, J.

ON MOTIONS FOR REHEARING

    We grant in part and deny in part Respondent's motion for rehearing, and

substitute the following opinion in place of our original opinion.  We also vacate that

portion of our March 7, 2016 order that denied rehearing. We deny Respondent's motions for certification and for rehearing en banc.

HFC Collection Center, Inc. petitions this court for a second tier writ of certiorari to quash a final order by the circuit court, sitting in its appellate capacity, affirming the county court's award of attorney's fees in favor of Stephanie Alexander. After ruling that HFC failed to prove that it was an assignee of a contract and thus had no authority to sue Alexander, the county court granted Alexander's motion for attorney's fees based on that same contract. HFC argued below that since the trial court's ruling meant that no contract existed between HFC and Alexander, there was no basis for awarding fees to her pursuant to section 57.105(7), Florida Statutes (2012). HFC is correct on that point; however, that does not complete our analysis. Although the county and circuit courts applied the wrong law in awarding and upholding attorney's fees in favor of Alexander, the award may be sustainable under section 57.105(1), Florida Statutes (2012). Accordingly, we remand this case with instructions to the circuit court to remand the case back to the county court. The county court may then determine whether Alexander complied with the safe harbor provisions or, in the alternative, whether that court wishes to act on its own initiative pursuant to section 57.105(1). If the county court decides that an award of fees may be appropriate, it should then determine and make specific findings regarding the criteria set forth in section 57.105(1).

## BACKGROUND FACTS

HFC sued Alexander to collect past due amounts she allegedly owed American Express pursuant to a credit card agreement. HFC claimed that it was the assignee of the American Express/Alexander agreement, and was therefore entitled to pursue

2

American Express's collection rights against Alexander. HFC attached copies of the credit card agreement and the purported assignments of Alexander's account to its complaint. Based upon its claim that Alexander failed to make timely payments, HFC demanded judgment for the outstanding past due balance of $8,964.97, plus interest. The agreement contained a unilateral prevailing party attorney's fees provision in favor of American Express.

In her answer, Alexander agreed that she had entered into a written credit card agreement or contract with American Express, but denied that the copy attached to the complaint was valid because it did not bear her signature. Alexander additionally asserted several affirmative defenses, two of which are relevant. First, Alexander claimed that the charges in question were not authorized by her, that she had properly notified American Express of the unauthorized nature of the charges, and thus did not owe American Express for those charges. Second, Alexander claimed that HFC lacked standing to enforce the contract because there were gaps in the chain of assignments, and the documents attached to the complaint did not show an assignment of her specific account by American Express.

At her earliest opportunity, Alexander clearly notified HFC that she was seeking attorney's fees. Her answer included two different claims for attorney's fees and costs: (1) a claim pursuant to the terms of the contract and section 57.105(7), which statutorily transforms the unilateral attorney's fees contract provision into a reciprocal provision; and (2) a claim pursuant to section 57.105(1)-(4) and the inequitable conduct doctrine. The second claim was contingent on HFC later asserting that there was no contract between the parties.

Alexander moved for summary judgment based upon the aforementioned affirmative defenses. HFC responded to Alexander's motion for summary judgment by filing affidavits. The county court determined that HFC's affidavits were insufficient because the affiant lacked personal knowledge and would not be competent to testify as to the subject matter in the affidavits. The court additionally held that the subject matter of the affidavits would not be admissible evidence. Following a hearing, the county court granted Alexander's motion for summary judgment, finding that HFC lacked standing because it failed to offer any evidence to prove that it was the real party in interest by way of assignment. The county court noted that there was a clear break in the chain of assignments, thus there was no evidence of a valid assignment to HFC. Furthermore, the evidence did not establish that Alexander's account debt was ever assigned by American Express. HFC did not factually dispute either aspect of the flawed assignments. Thus, HFC was a stranger to the credit card agreement between American Express and Alexander, and there was no contractual relationship between HFC and Alexander. HFC did not appeal the summary judgment.

Alexander then moved for attorney's fees. HFC and Alexander agreed that the credit card agreement contained a term requiring Alexander, as the cardholder, to pay all reasonable costs and attorney's fees that may be incurred by American Express. Both parties agreed that section 57.105(7), Florida Statutes (2014), transforms any such unilateral contractual attorney's fee provision into a reciprocal obligation whereby the prevailing party is entitled to recover reasonable fees and costs. HFC argued unsuccessfully to the county court that since HFC was adjudicated to be a stranger to the contract, Alexander could not seek attorney's fees pursuant to its terms. Holding

4

that Alexander was entitled to recover attorney's fees pursuant to the terms of the credit card agreement and section 57.105(7), the county court awarded her $20,371.65 in attorney's fees. The county court did not rule on Alexander's alternative claim for attorney's fees.

The circuit court, in its appellate capacity, affirmed the county court's ruling. The circuit court additionally held that HFC was estopped from challenging the award of attorney's fees by arguing that no contract existed between it and Alexander. HFC timely petitioned for second-tier certiorari review to this court.

## STANDARD OF REVIEW

A district court of appeal may review by writ of certiorari "final orders of circuit courts acting in their review capacity." Fla. R. App. P. 9.030(b)(2)(B). To prevent the abuse of this procedure as a "second appeal," the standard of review is limited. *See Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 682 (Fla. 2000). On certiorari review, the district court may only determine two issues: (1) whether procedural due process was afforded; and (2) whether there was a departure from the essential requirements of law. *Id.* HFC does not claim that it was denied procedural due process, thus the only issue before this court is whether the circuit court applied the correct law when it affirmed the county court's award of attorney's fees and costs to Alexander.

## ABSENCE OF CONTRACT BETWEEN THE PARTIES

There is no dispute that there was a contract between American Express and Alexander; however, HFC was adjudicated to be a stranger to that contract. The county court's determination that HFC was not the assignee of the credit card agreement between American Express and Alexander means that there was never a contract

5

between HFC and Alexander.  In *Bank of New York Mellon v. Mestre*, 159 So. 3d 953 (Fla. 5th DCA 2015), the bank's attempt to foreclose on a mortgage was halted when the trial court determined that the signatures on the loan documents were forgeries. 159 So. 3d at 954.  Under those circumstances, we held that no legal obligations were ever created between the parties.  Accordingly, the Mestres could not recover attorney's fees on the basis of the loan documents.  *Id.* at 956; *see also Novastar Mortg., Inc. v. Strassburger*, 855 So. 2d 130, 131 (Fla. 4th DCA 2003) (holding that mortgage could not serve as basis for award of attorney's fees to person who was not party to mortgage).

In *Surgical Partners, LLC, v. Choi*, 100 So. 3d 1267 (Fla. 4th DCA 2012), the Fourth District dealt with a situation where there was a signed employment agreement between the medical association and physician.  The physician avoided the enforcement of the employment contract by successfully arguing that the agreement never became effective because of the failure of a condition precedent.  100 So. 3d at 1268.  The trial court granted summary judgment in favor of the physician. *Id.*  After the summary judgment was affirmed on appeal, the physician sought and was awarded attorney's fees under that same employment agreement.  *Id.* at 1268-69.  The Fourth District reversed, holding that since the contract never became legally effective, it could not be enforced by either party. *Id.* at 1269.  "The doctor simply cannot avoid a liquidated damages provision by claiming the agreement never came into effect or was unenforceable, and at the same time be entitled to attorney's fees under the same agreement." *Id.* at 1268.  If there is no contract between the parties, which would entitle one to recover attorney's fees in the first place, "there is no basis to invoke the

6

compelled mutuality provisions of" section 57.105(7). *Fla. Med. Ctr., Inc. v. McCoy*, 657 So. 2d 1248, 1252 (Fla. 4th DCA 1995). The same holds true here. Alexander cannot employ section 57.105(7) as a basis for an attorney's fees award after she proved that HFC never became a party to the contract. Thus, the circuit court applied the wrong law when it upheld the county court's award of attorney's fees on that basis.

## ESTOPPEL BARS ALEXANDER, NOT HFC

As an alternative ground for affirming the county court's award of fees and costs to Alexander, the circuit court found that HFC, having based its suit on assignment of the credit card agreement, was estopped from denying the existence and enforceability of the agreement and its attorney's fees provision. In reaching this holding, we conclude that the circuit court applied the wrong law. "In judicial proceedings, a party simply is not estopped from asserting a later inconsistent position (if that it can be called), *unless* the party's initial position was *successfully* maintained." *Leitman v. Boone*, 439 So. 2d 318, 322 (Fla. 3d DCA 1983). "One cannot seriously contend that a litigant cannot claim there is a contract and say to a court, 'if, however, you find against me on my claim, then based on that finding, you cannot award attorneys' fees to my opponent.'" *Id.* HFC did not *successfully* maintain that there was a contract between it and Alexander, and thus HFC is "not estopped from thereafter maintaining that since there is no contract, no attorneys' fees can be awarded." *Id.* Here, as in *Leitman*, it was the county court, rather than the plaintiff, who found that no contract existed. Therefore, HFC is "not estopped from relying upon that adverse ruling and asserting any position consistent with the ruling." *Id.* "The principle of estoppel is simply inapplicable in this

7

situation. The fact that no contract was formed is dispositive of the issues presented." *Gibson v. Courtois*, 539 So. 2d 459, 460 (Fla. 1989).

It is Alexander, rather than HFC, that has *successfully* asserted irreconcilably inconsistent positions in this litigation. Alexander is indeed estopped from relying on the credit card agreement to recover attorney's fees after she successfully maintained that HFC was not a party to that agreement. Estoppel would have applied against HFC if it proved that there was a valid assignment, but lost the case because Alexander proved she had properly disputed unauthorized credit transactions, and HFC then claimed there was no contract in order to avoid liability for attorney's fees. Under these nonexistent, hypothetical facts, HFC certainly could not avoid payment of attorney's fees by disavowing the assigned agreement's terms and conditions. *See Leitman*, 439 So. 3d at 323 (acknowledging similar outcome on similarly hypothetical, nonexistent facts).

The lower court's reliance upon *MCG Financial Services, L.L.C., v. Technogroup, Inc.*, 149 So. 3d 118 (Fla. 4th DCA 2014), is misplaced. In *MCG,* the plaintiff sued defendants on a written contract that mistakenly referred to a different company and did not identify or refer to the defendants. 149 So. 3d at 119. The contract was admitted into evidence without objection and all parties stipulated that the defendants were the real parties in interest despite not being named in the contract. *Id.* The defendants prevailed by proving that they paid all sums due to a collection agency. *Id.* at 120. After the plaintiff then obtained new counsel who asserted that defendants could not seek attorney's fees under that same contract because the defendants were not named in the contract. *Id.* at 120. The court of appeal found that plaintiff was estopped from asserting a position inconsistent with what it successfully asserted before, a position

8

which was also inconsistent with the stipulated evidence at trial. *Id.* at 121.  Here, Alexander succeeded in proving there was no contract between her and HFC.  Therefore, Alexander, not HFC, is estopped from relying on the contract to obtain an attorney's fee award.

### ALTERNATIVE BASIS FOR AWARDING ATTORNEY'S FEES

In her answer, Alexander set forth a contingent claim for attorney's fees as follows:  "To the extent [HFC] later claims there was no contract between the parties or their assignors, [Alexander] hereby puts [HFC] on notice that [Alexander] will seek attorney fees pursuant to [sections] 57.105(1)-57.105(4)."  HFC did not respond in writing to Alexander's motion for attorney's fees.  The first time HFC asserted that there was no contract between the parties was during the hearing on Alexander's motion for fees.  As discussed above, HFC was not estopped from arguing the absence of a contract.  However, HFC taking the position that there was no contract has consequences.  When granting Alexander's motion for summary judgment, the trial court found that there was "absolutely no showing – much less admissible evidence" that the contract was assigned to one of HFC's predecessor assignees or that HFC owned Alexander's account.  HFC conceded that it was not provided with a list of the accounts that were transferred to its predecessors.

Once it received and considered Alexander's motion for summary judgment, HFC knew or should have known that its claim was not supported by the material facts necessary to establish its claims.  By offering no proof that Alexander's account was properly assigned, and by later taking the position that there was no contract between

9

the parties in order to defeat Alexander's claim for attorney's fees, HFC essentially conceded that it had no factual basis for its suit against Alexander.

There is nothing in the record to suggest, one way or the other, whether Alexander strictly complied with the safe harbor provision of section 57.105(4), Florida Statutes (2012), by serving her motion on HFC at least 21 days prior to the hearing. The primary purpose of the safe harbor letter is to provide the party in receipt of the letter with the opportunity to withdraw or abandon a frivolous claim before sanctions are sought. *See Maxwell Bldg. Corp. v. Euro Concepts, LLC*, 874 So. 2d 709, 711 (Fla. 4th DCA 2004). On remand, the county court shall consider whether Alexander complied with the safe harbor provisions.

It is clear that HFC had significantly more than 21 days to withdraw its baseless claim, as the trial court found that Alexander provided adequate notice in her answer of her intention to seek attorney's fees from HFC. Under these specific circumstances, we find that an award of attorney's fees, should the trial court choose to act on its own initiative, may be appropriate pursuant to section 57.105(1), even if Alexander had not complied with the safe harbor provision. The Second District Court of Appeal in *Koch v. Koch*, 47 So. 3d 320 (Fla. 2d DCA 2010), held that there is no 21 day safe harbor notice requirement where fees are imposed on the court's own initiative as a sanction pursuant to section 57.105(1). 47 So. 3d at 324. According to *Koch* "[n]othing in section 57.105(1) states that a court cannot impose sanctions for the same reasons set forth in a party's failed motion for sanctions." *Id.* (citing *Unifirst Corp. v. City of Jacksonville*, 42 So. 3d 247, 248-49 (Fla. 2010)).

The *Koch* court noted its disagreement with *Davidson v. Ramirez*, 970 So. 2d 855 (Fla. 3d DCA 2007). 47 So. 3d at 324. In *Davidson*, the Third District Court of Appeal held that it was improper for the trial court, on its own initiative, to effectively adopt the prevailing party's untimely motion for fees because such action would circumvent the 21 day safe harbor provisions embodied in the statute. 970 So. 2d at 856. We agree with the Second District Court of Appeal's conclusions in *Koch*. Section 57.105(1) does not contain a 21 day requirement for trial courts acting on their own initiative, nor does the section prohibit the consideration or adoption of all or part of the prevailing party's failed motion for fees as justification for sanctioning the losing party. We also agree with the *Koch* court that adopting the *Davidson* "approach would unreasonably restrict a court's discretion and would not advance the clear purpose of section 57.105 to reduce frivolous litigation." *Koch*, 437 So. 3d. at 325.

The Florida Supreme Court in *Boca Burger, Inc. v. Forum*, 912 So. 2d 561 (Fla. 2005), stated that an appellate court lacks authority to impose section 57.105(1) sanctions for conduct occurring in the trial court where the trial court failed to do so initially. 912 So. 2d at 569. The *Boca Burger* court indicated that the proper procedure is to remand to the trial court for its discretionary consideration and possible action. *Id.* Here, fees were awarded based upon a contractual and statutory prevailing party basis, rather than as a sanction. The trial court was not called upon to consider sanctions. If there will be any fee award as a sanction based upon section 57.105(1), *Boca Burger* requires affirmative, discretionary trial court action. The county court must first decide if it will consider awarding the fees on its own initiative, and then it must make specific

11

findings regarding whether HFC or its counsel knew or should have known that its claims were not supported by the material facts or applicable law.

We thus remand to the circuit court with instructions to remand to the county court. The county court should consider whether Alexander complied with the safe harbor provision, and if appropriate, determine whether it will act on its own initiative to consider imposing attorney's fees against HFC if that court makes findings that the section 57.105(1) criteria are present.

PETITION GRANTED IN PART AND DENIED IN PART, REMANDED WITH INSTRUCTIONS.

PALMER and LAMBERT, JJ., concur.