PER CURIAM.
The appellant, William P. Edwards, challenges the trial court’s order which granted the appellee’s, Tom Ward, amended motion for attorney’s fees. We reverse.
On June 5, 1992, the appellees Virgil Wills and Irmgard A. Wills, his wife, executed a mortgage and a mortgage note to the appellant for the purchase of real property. The mortgage and the mortgage note each contained a provision for the payment of attorney’s fees as a part of costs in the event counsel should be employed to collect or enforce the mortgage or note or to protect the security of the mortgage.
On April 28, 1993, July 30,1993, and October 26, 1993, the appellant filed a complaint, a first amended complaint, and a second amended complaint, respectively, against the appellees to foreclose the mortgage alleging that the appellees Virgil and Irmgard A. Wills defaulted under the note and mortgage and that the appellee Ward may have an interest in the subject property by virtue of possession. Pursuant to the appellees’ motions, the trial court dismissed the appellant’s first and second amended complaints.
The appellees Virgil Wills and Irmgard A. Wills subsequently filed a motion for attorney’s fees and costs and the appellee Ward filed an amended motion for attorney’s fees and costs against the appellant on the grounds that they were the prevailing parties in connection with the foreclosure action. The trial court granted both motions and the appellant filed a timely notice of appeal from the order granting attorney’s fees to the appellee Ward.
The appellant concedes that the trial court’s award of attorney’s fees to the appel-lees Virgil Wills and Irmgard A. Wills was correct. However, the appellant contends that the trial court erred in granting Ward’s amended motion for attorney’s fees since Ward was not a party to either the mortgage or the mortgage note. We agree.
Ward relies on Wilson v. Rose Printing Co., Inc., 624 So.2d 257 (Fla.1993), in support of his argument that he was entitled to attorney’s fees. The supreme court in Rose Printing held that where a statute or agreement of the parties provides that the term “costs” includes attorney’s fees, such fees are taxable under Florida Rule of Civil Procedure 1.420(d). However, Rose Printing is distinguishable from the instant case since the parties in that case were parties to an employment agreement. Since there was no evidence or allegations in the instant case that Ward assumed the appellees Virgil and Irmgard A. Wills’ obligations to the appellant under the terms of the note and mortgage, Ward is not entitled to attorney’s fees. See Wiper Hut Systems, Inc. v. Steavens, 626 So.2d 289 (Fla. 4th DCA 1993).
Ward further argues, however, that the trial court’s decision to award him attorney’s fees is supported by section 57.105(2), Florida Statutes (1995). We also disagree with that contention since, as stated above, there is no evidence that he agreed to be responsible for the terms of the note and mortgage.
*704 Accordingly, we reverse the trial court’s award of attorney’s fees to the appellee Ward.
Reversed.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.