KLEIN, J.
Novastar appeals an award of attorney’s fees against it, arguing that the fees should not have been awarded, under a provision in the mortgage, to a party who was not a party to the mortgage. We agree, but affirm because the party receiving the fees also prevailed on its offer of judgment.
Novastar loaned money to fund a mortgage, but through mistake or misconduct, was not assigned the note and mortgage. It brought an action against a number of defendants in which it sought damages and *131 foreclosure. In a different foreclosure on the same property, the Strassburgers purchased the property from the lender seeking foreclosure. As a result of that purchase, they became parties in the Novastar action.
Although Novastar prevailed against the title insurer in its action, it did not prevail against the Strassburgers, and the trial court awarded the Strassburgers attorney’s fees based on the attorney’s fee provision in the original mortgage and section 57.105(6), Florida Statutes, which made that unilateral attorney’s fees provision reciprocal.
Because the Strassburgers were not parties to the mortgage, they were not entitled to recover attorney’s fees under the mortgage. Edwards v. Wills, 686 So.2d 702 (Fla. 2d DCA 1996). We affirm, however, because the Strassburgers were entitled to fees under our offer of judgment statute, section 768.79.
The trial court ruled that this was not a “civil action for damages” under the statute, because it was a foreclosure. Novas-tar concedes, however, that it was seeking damages in the form of reimbursement for attorney’s fees and costs. In addition, the Strassburgers point out that the promissory note secured by the original mortgage had already been paid, and that this lawsuit was only about money.
We agree with the Strassburgers that this was in fact an action for damages and that the offer of judgment statute accordingly applies. Nelson v. Marine Group of Palm Beach, Inc., 677 So.2d 998, 999 (Fla. 4th DCA 1996)(offer of judgment statute applied in declaratory action to determine whether contract authorized seller to retain deposit, because “the only matter at issue was money.”); Stewart v. Tasnet, Inc., 718 So.2d 820 (Fla. 2d DCA 1998)(ap-plying offer of judgment statute in action seeking the equitable remedy of subrogation because, if successful, it would have resulted in a monetary judgment). Affirmed.
WARNER and SHAHOOD, JJ., concur.