# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2039
Lower Tribunal No. 11-37717
_____

**Florida Community Bank, N.A., etc.,**
Appellant,

vs.

**Red Road Residential, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Friedman & Frost, P.L., and Todd R. Friedman and Paul D. Friedman, for appellant.

Denise V. Powers, P.A., and Denise V. Powers, for appellee Ada Rios.

Before WELLS, SALTER and SCALES, JJ.

SCALES, J.

Florida Community Bank, N.A. ("the Bank"), the plaintiff below, appeals a judgment awarding attorney's fees to defendant and appellee Ada Rios. We reverse the judgment because Ada Rios failed to meet her burden to establish that she was a party to the underlying mortgage containing the attorney's fee provision.

**I. Facts**

After the corporate borrower and its guarantor, Jesus Rios, defaulted on a loan owed to the Bank, the Bank modified the borrower's loan by advancing additional funds to the guarantor and acquiring additional collateral for the loan. As part of its additional collateral for this loan modification, the Bank obtained what appeared to be a mortgage on residential property in Monroe County owned by Jesus Rios and his wife Ada Rios. The mortgage was signed by Jesus Rios and, ostensibly, by Ada Rios.

When the modified loan was not repaid as agreed, the Bank sued the corporate borrower, the guarantor (Jesus Rios), and Jesus Rios's co-mortgagor on the Monroe County property, Ada Rios. The Bank's lawsuit sought, among other things, to foreclose the mortgage on the Rios's property that the Bank thought it had obtained in the modification process. The Bank's lawsuit also sought the recovery of its attorney's fees pursuant to the attorney's fee provision of the subject mortgage.[1] In its verified complaint, the Bank alleged that Ada Rios executed the subject mortgage as part of the loan modification.

Ada Rios responded to the Bank's lawsuit first by filing a motion to dismiss, asserting that she never signed the mortgage, and that the mortgage documents containing her purported signature were fraudulent. After her motion to dismiss was denied, Ada Rios answered the Bank's lawsuit, again making these same assertions in specific denials and affirmative defenses. During the ensuing litigation, Ada Rios echoed this position in sworn interrogatory responses, sworn deposition testimony and in sworn affirmations in an affidavit.[2] After providing the Bank with the 21-day "safe harbor notice" required by section 57.105(4), Ada Rios filed a 57.105 motion seeking fees from the Bank as a sanction for prosecuting the case against her absent a factual basis.[3]

[1] This provision reads, in relevant part, as follows:

> 12. Mortgagor shall pay or reimburse Mortgagee for all costs, charges and expenses, including reasonable attorney's fees . . . incurred or paid by Mortgagee in any threatened, pending or completed action, proceeding or dispute in which Mortgagee is or might be made a party or appears as a party plaintiff or party defendant and which affect the Note, this Mortgage or any other instrument securing the Note, or the Mortgaged Property or any part thereof, or the interests of Mortgagor or Mortgagee therein, including, but not limited to, the foreclosure of this Mortgage . . . including all appellate proceeding in connection with or arising out of any of the foregoing.

[2] The Bank deposed the two witnesses to Ada Rios's purported signature on the mortgage, both of whom invoked the Fifth Amendment in response to all questions posed by the Bank's counsel.

[3] Section 57.105 of the Florida Statutes provides a mechanism for the trial court to award attorney's fees against the non-prevailing party if the trial court determines that the offending party continued to pursue an unsupported claim or defense after being provided with an opportunity to withdraw the unsupported claim or defense.

Ultimately, rather than litigating its claim against Ada Rios, the Bank voluntarily dismissed her from its lawsuit, with prejudice. Ada Rios then sought attorney's fees and costs against the Bank pursuant to section 57.105(1) and, in the alternative, she sought contractual attorney's fees and costs based on the attorney's fee provision in the subject mortgage and the reciprocity provision of section 57.105(7).[4] The trial court conducted a hearing and determined that while Ada Rios was not entitled to fees as a sanction based on section 57.105(1), she was entitled to contractual fees based on the fee provision in the subject mortgage and the reciprocity provision of section 57.105(7). Accordingly, the trial court entered an attorney's fee judgment for Ada Rios in the amount of $27,412.50, plus interest.

The Bank appeals this judgment.[5]

**II. Standard of Review**

---

[4] Section 57.105(7) reads, in its entirety, as follows:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

§ 57.105(7), Fla. Stat. (2012).

[5] Ada Rios did not cross appeal the trial court's refusal to award attorney's fees based on section 57.105(1).

Because the issue on appeal concerns a pure question of law (that is, whether a prevailing party is entitled to attorney's fees based on an interpretation of the fee provision in the subject mortgage and the corresponding application of section 57.105(7)), we review the final judgment de novo. Lago v. Kame By Design, LLC, 120 So. 3d 73, 74 (Fla. 4th DCA 2013).

**III. Analysis**

As is typical in most mortgages, the fee provision in the subject mortgage plainly entitles the Bank, as mortgagee, to the recovery of its attorney's fees if the borrower defaults on the note secured by the mortgage and the Bank successfully brings an action to foreclose on the mortgage. Because the subject mortgage was executed after October 1, 1988, section 57.105(7) provides the other party to the mortgage – i.e, the mortgagor – a substantive right to the recovery of its fees in any action where, by virtue of the fee provision in the mortgage, the mortgagee would be entitled to fees. See, e.g., Cacho v. Bank of N.Y. Mellon, 124 So. 3d 943, 945 (Fla. 3d DCA 2013). In other words, notwithstanding that the contractual fee provision is one-sided, entitling only one of the contract's parties to prevailing party fees, by operation of law section 57.105(7) bestows on the other party to the contract the same entitlement to prevailing party fees. § 57.105(7), Fla. Stat. (2012).

The Bank does not dispute that Ada Rios was the prevailing party. Rather, the Bank challenges whether the trial court correctly applied section 57.105(7)'s reciprocity. Specifically, the Bank argues that the trial court erred in awarding Ada Rios prevailing party fees simply because she prevailed in the litigation, without regard to her status as a party to the mortgage. The Bank argues, and we agree, that the entitlement to prevailing party fees under section 57.105(7) applies only when the party seeking fees *both* prevails *and* is a party to the contract containing the fee provision. While not entirely clear from the record, it appears that the trial court awarded fees to Ada Rios simply because she prevailed in the litigation without consideration of whether Ada Rios was a party to the mortgage.

Section 57.105(7) shifts the responsibility for attorney's fees; therefore, the statute is in derogation of common law and must be strictly construed. Willis Shaw Express Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003). As section 57.105(7) plainly requires, to gain the benefit of its substantive entitlement to prevailing party fees, the party seeking the benefit of reciprocity must be a party to the contract containing the fee provision. Novastar Mortg., Inc. v. Strassburger, 855 So. 2d 130 (Fla. 4th DCA 2003); Edwards v. Wills, 686 So. 2d 702 (Fla. 2d DCA 1996). See also HFC Collection Ctr., Inc. v. Alexander, No. 5D15-1177 (Fla. 5th DCA April 22, 2016).

6

Ada Rios does not appear to contest this proposition. Rather, in oral argument, she sought to distinguish the reasoning in <u>Novastar</u> by arguing that, in <u>Novastar</u> and other similar cases, the trial court actually *adjudicated* that the party seeking fees was not a party to the contract. Ada Rios points out that, in this case, the Bank voluntarily dismissed its lawsuit before such an adjudication occurred. Ada Rios argues that, as the prevailing party (by virtue of the Bank's dismissal), she should be the beneficiary of the fact that her status as a mortgagor specifically was not adjudicated.

Not surprisingly, the Bank takes the contrary position in the form of this syllogism: because Ada Rios's principal defense was that she was not a party to the mortgage, and because Ada prevailed, therefore, for the purposes of section 57.105(7), Ada Rios was not a party to the mortgage.

Regarding whether Ada Rios was a party to the mortgage, we note that both the Bank and Ada Rios take positions opposite to the positions they took before the Bank's voluntary dismissal of Ada Rios from the lawsuit. While both the Bank and Ada Rios suggest that the other party should be estopped from making its respective argument about whether Ada was a party to the mortgage,[6] we view the

---

[6] Ada Rios argues that the Bank should be estopped from arguing that she was not a party to the mortgage because the Bank asserted under oath, in its verified complaint, that Ada Rios signed the mortgage. The Bank argues that Ada Rios should be estopped from arguing that she was a party to the mortgage because Ada Rios's entire defense to the Bank's case was premised on her assertion that her signature on the mortgage was forged.

7

case not from the parties' estoppel perspectives, but from the perspective of burden: which party had the threshold burden of establishing whether Ada Rios was a party to the mortgage?

In our view, in order to avail herself of section 57.105(7)'s reciprocity, Ada Rios, as the prevailing party and movant seeking fees under the mortgage's fee provision, had the threshold burden to plead and establish that she was a party to the mortgage containing the fee provision.  See Concrete & Lumber Enters. Corp. v. Guar. Bus. Credit Corp., 829 So. 2d 247 (Fla. 3d DCA 2002). Ada Rios's status as the lawsuit's prevailing party does not equate to Ada Rios being a mortgagor under the mortgage so as to trigger section 57.105(7)'s reciprocity provision. Only a mortgagor under the subject mortgage is due such reciprocity, yet Ada Rios's principal defense was that she was *not* a mortgagor. The record reflects that Ada Rios never tried to meet her burden, much less that she did meet her burden. Indeed, on this record, any attempt by Ada to meet her burden likely would have undermined her successful defense against the Bank's case. We, therefore, are compelled to reverse Ada's fee judgment against the Bank.

Our decision should not be construed to prevent a party sued on a contract from *ever* recovering prevailing party fees when the party's defense is that the defendant was not a party to the subject contract. Both Florida's offer of judgment/proposal for settlement scheme, codified in section 769.68 of the Florida

8

Statutes and rule 1.442 of the Florida Rules of Civil Procedure, and the sanction provisions found in section 57.105, provide potential, substantive fee recovery mechanisms that might be applicable to a defendant asserting a non-party defense. Additionally, in a situation where a defendant *un*successfully asserts that she is not a party to a contract, yet otherwise prevails in the action, section 57.105(7)'s reciprocity entitlement might be applicable.

## IV. Conclusion

Only the parties to a contract may avail themselves of section 57.105(7)'s entitlement to attorney's fees. The burden lies with the prevailing party to establish, as a threshold matter, her status as a party to the contract. When, as here, a defendant employs a defense strategy premised on the defendant's status as a non-party to the contract, it is very difficult for the prevailing party to meet this burden and avail herself of section 57.105(7)'s reciprocity entitlement.

We reverse the attorney's fee judgment for Ada Rios and remand for proceedings consistent with this opinion.