# Third District Court of Appeal

## State of Florida

Opinion filed October 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-1991 & 3D15-890
Lower Tribunal No. 08-39159

_____

**HSBC Bank USA, N.A., etc.,**
Appellant/Appellee,

vs.

**Nathan Frenkel, Successor Trustee, etc.,**
Appellee/Appellant.

Appeals from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge and Marvin H. Gillman, Senior Judge.

Carlton Fields Jorden Burt, P.A., and Michael K. Winston and Dean A. Morande (West Palm Beach), for appellant/appellee.

Keith D. Silverstein, P.A., and Keith D. Silverstein; Coffey Burlington P.L., and Jeffrey B. Crockett; Shoshana Kraus, for appellee/appellant.

Before SUAREZ, C.J., and FERNANDEZ and SCALES, JJ.

SCALES, J.

In these consolidated appeals, Nathan Frenkel as successor trustee of the Max Frenkel and Margaret Frenkel Revocable Living Trust (the " Frenkel Trust") appeals a final judgment granting HSBC Bank USA, N.A. (the "Bank") an equitable lien on real property owned by Frenkel Trust (3D15-890); and Bank appeals an order awarding attorney's fees to Frenkel Trust (3D15-1991). Based on Bank's confession of error, we reverse the trial court's final judgment entitling Bank to an equitable lien on Frenkel Trust's real property. Further, based on our recent decision in Florida Community Bank, N.A. v. Red Road Residential, LLC,[1] we reverse the trial court's order entitling Frenkel Trust to the recovery of its attorney's fees.

In July of 2005, Margaret Frenkel executed a mortgage encumbering a condominium unit located in Miami Beach, Florida. This mortgage purported to secure a $350,000 loan made to Mrs. Frenkel by Bank's predecessor. The mortgage contained a standard provision entitling the lender to attorney's fees in the event the lender pursued its remedies under the mortgage. Mrs. Frenkel, however, was not the owner of the condominium unit; at all times material, the condominium was owned by Frenkel Trust. Sometime after the loan documents were executed, but prior to recordation, someone apparently tried to rectify this problem by altering the mortgage, via handwritten notations, to make it appear as

---

[1] Fla. Cmty. Bank, N.A. v. Red Rd. Residential, LLC, No. 3D15-2039 (Fla. 3d DCA June 8, 2016).

2

though Mrs. Frenkel signed the mortgage not in her personal capacity, but as trustee for Frenkel Trust.

Bank acquired the note and mortgage and, in the year following Mrs. Frenkel's 2007 death, filed the instant, single-count foreclosure action against Frenkel Trust. Bank did not plead entitlement to an equitable lien on Frenkel Trust's real property, and made no claim against Mrs. Frenkel's estate.

After a bench trial, the trial court denied the Bank's foreclosure because of the defect in the mortgage's execution. Specifically, the trial court found the mortgage to be unenforceable against Frenkel Trust because it was not executed by the Frenkel Trust. The trial court, however, imposed an equitable lien in the amount of $350,000 on Frenkel Trust's real property, requiring Bank to bring a separate action to enforce (that is, to foreclose upon) the equitable lien. The trial court denied Bank's claim for attorney's fees, but determined that Frenkel Trust was entitled to attorney's fees based both on the mortgage's fee provision and on section 57.105(7) of the Florida Statutes.[2] Frenkel Trust appealed the trial court's imposition of an equitable lien. Bank appealed the trial court's award of attorney's fees to the Frenkel Trust. We consolidated the appeals.

---

[2] Notwithstanding the one-sided nature of the mortgage's fee provision that entitled only the lender to prevailing party fees, by operation of law, section 57.105(7) bestows on the borrower the same entitlement to prevailing party fees. Fla. Cmty. Bank, 3D15-2039 at 2.

3

Upon the Bank's proper confession of error, we reverse that portion of the trial court's final judgment imposing an equitable lien on Frenkel Trust's real property. This claim was not raised in the pleadings and it was error to enter judgment for the Bank on an unpled claim. Marriott Int'l, Inc. v. Am. Bridge Bahamas, Ltd., 193 So. 3d 902, 909 (Fla. 3d DCA 2015).

We also reverse that portion of the final judgment awarding attorney's fees to Frenkel Trust. As Frenkel Trust was not a party to the mortgage containing the subject fee provision, it is therefore unable to derive the benefit of section 57.105(7)'s fee reciprocity. Fla. Cmty. Bank, 3D15-2039 at 2.[3]

We reverse the final judgment and remand to the trial court for entry of a revised final judgment consistent with this opinion.

Reversed and remanded.

---

[3] We note that the trial court did not have the benefit of our decision in the Florida Community Bank case when it adjudicated Frenkel Trust's claim for attorney's fees.