# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-981
Lower Tribunal No. 09-44683
_____

**The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A., as trustee for Chaseflex Trust Series 2007-2,**
Appellant,

vs.

**Jill Fitzgerald,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jennifer Bailey, Judge.

Lapin & Leichtling, LLP, and Jeffrey S. Lapin, Alejandra Arroyave Lopez, and Jan Timothy Williams, for appellant.

The Ticktin Law Group, PLLC, and Peter Ticktin, Kendrick Almaguer, and Geovanni Denis (Deerfield Beach), for appellee.

Before WELLS, ROTHENBERG, and LAGOA, JJ.

LAGOA, J.

The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A., as trustee for Chaseflex Trust Series 2007-2 (the "Bank"), appeals a final judgment awarding attorney's fees to Jill Fitzgerald ("Fitzgerald") pursuant to the reciprocity provision of section 57.105(7), Florida Statutes (2014). Because Fitzgerald successfully obtained a judgment below that the Bank lacked standing to enforce the subject mortgage and note against her, we find that no contract existed between the Bank and Fitzgerald that would allow Fitzgerald to invoke the reciprocity provisions of section 57.105(7). The trial court therefore erred in awarding Fitzgerald attorney's fees pursuant to section 57.105(7), and we reverse.

I.     FACTUAL AND PROCEDURAL HISTORY

The borrower, Fitzgerald, entered into a mortgage with the lender, Northstar Mortgage Company ("Northstar"), on January 31, 2007. The mortgage contained the following attorney's fees provision in favor of Northstar: "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence."

Concurrent with the mortgage, Fitzgerald signed a promissory note made payable to Northstar. The note bore a special indorsement from Northstar which

2

stated: "PAY TO THE ORDER OF JPMORGAN CHASE BANK, N.A., ITS SUCCESSORS AND/OR ASSIGNS WITHOUT RECOURSE."

On June 11, 2009, the Bank filed an action against Fitzgerald seeking to foreclose upon the note and mortgage. The Bank alleged that it "is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage." The Bank's complaint attached a copy of the note and mortgage.

On March 13, 2013, Fitzgerald filed her answer and affirmative defenses. In her affirmative defenses, Fitzgerald asserted that the Bank lacked standing because the note was specially indorsed to an entity other than the Bank, and that the Bank was not the lawful assignee of the note and mortgage. Fitzgerald also asserted that the Bank was not the holder of the note and mortgage, nor did it own or possess the note and mortgage. Fitzgerald demanded attorney's fees "pursuant to terms of the agreement between the parties and Florida Statutes, Section 57.105."

The case proceeded to a non-jury trial, and on January 15, 2014, the trial court entered final judgment in favor of Fitzgerald after finding that the Bank failed to establish standing. In reaching its ruling, the trial court found that "[t]here was no Assignment of Mortgage, or any other document evidencing a transfer to the [Bank] prior to the institution of the action attached to the Complaint." The trial court further found that "[t]here was never any actual delivery of the note to

the [Bank] and no evidence of intent to deliver the note to the [Bank] on the part of J.P. Morgan Chase Bank, the sole holder under the special indorsement." The trial court therefore found that the note "was never negotiated in favor of the [Bank] and the [Bank] never became the holder of the note under Florida Statute § 673.3011(1), such that it could enforce the note." Lastly, the trial court found that the Bank did not qualify as a non-holder in possession of the instrument who has the rights of a holder.[1] The trial court reserved jurisdiction to award attorney's fees and costs.

On January 29, 2014, Fitzgerald filed a motion for entitlement to tax costs and attorney's fees pursuant to section 57.105(7), Florida Statutes (2014). In her motion, Fitzgerald argued that she was entitled to attorney's fees and costs "as the prevailing party based on the contract between the parties which formed the basis of the action." In its memorandum of law in opposition to the motion for entitlement, the Bank argued that Fitzgerald could not prevail on the merits on the grounds that the Bank is not a party to the mortgage contract and yet rely on that same contract to seek attorney's fees from the bank under the contract's fee provision and the reciprocity provision in section 57.105(7), Florida Statutes.

The trial court subsequently entered an order granting Fitzgerald's motion for entitlement. After an evidentiary hearing, the trial court entered a final

---

[1] The Bank did not appeal from the final judgment in favor of Fitzgerald.

4

judgment taxing attorney's fees and costs against the Bank. The trial court awarded Fitzgerald $34,829.06 in attorney's fees, $2,728.45 in pre-judgment interest, and $3,562.50 for expert witness fees, for a total amount of $41,120.01. This appeal ensued.

## II.    STANDARD OF REVIEW

Because it concerns a question of law, we review de novo a trial court's final judgment determining entitlement to attorney's fees based on a fee provision in the mortgage and the application of section 57.105(7). Florida Cmty. Bank, N.A. v. Red Road Residential, LLC, 197 So. 3d 1112, 1114 (Fla. 3d DCA 2016); Attorney's Title Ins. Fund, Inc., v. Landa-Posada, 984 So. 2d 641, 643 (Fla. 3d DCA 2008) (finding that "[o]ur standard of review is de novo because the ruling on the attorney's fees involves an erroneous interpretation and application of Florida law").

## III.    ANALYSIS

It is well-established that attorney's fees may not be awarded unless authorized by contract or statute. See Attorney's Title Ins., 984 So. 2d at 643 ("Florida has long followed the so-called 'American Rule,' which stands for the proposition that attorney's fees are awardable pursuant to an entitling statute or a contract between the parties."); Leitman v. Boone, 439 So. 2d 318, 319 (Fla. 3d

5

DCA 1983). Here, Fitzgerald's claim to fees rests on the mortgage's fee provision and the reciprocity provision of section 57.105(7).

On appeal, the Bank argues that because the trial court found that the Bank lacked standing to bring suit under both the mortgage and note, Fitzgerald cannot recover fees pursuant to section 57.105(7). We agree.

Section 57.105(7) provides as follows:

> (7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988.

Because section 57.105(7) shifts the responsibility for attorney's fees, it is in derogation of common law and must be strictly construed. See Florida Cmty. Bank, 197 So. 3d at 1115. The effect of section 57.105(7) is to statutorily transform a unilateral attorney's fees contract provision into a reciprocal provision. Id.

Section 57.105(7), however, cannot transform a contract's unilateral fee provision into a reciprocal obligation where, as here, no contract exists between the parties. Fielder v. Weinstein Design Group, Inc., 842 So. 2d 879, 880 (Fla. 4th DCA 2003) (finding that individual who was not a party to the contract cannot recover prevailing party fees nor can such fees be assessed against him); Hanna v.

6

Beverly Enterprises-Fla., 738 So. 2d 424, 425 (Fla. 4th DCA 1999) (affirming denial of attorney's fees under section 57.105(2)[2] because no contract existed between the parties); Florida Med. Ctr., Inc. v. McCoy, 657 So. 2d 1248, 1252 (Fla. 4th DCA 1995) (holding that where trial court found that defendant did not incur obligations under contract containing attorney's fees provision, "there is no basis to invoke the compelled mutuality provision of section 57.105(2)"); cf. Bank of New York Mellon v. Mestre, 159 So. 3d 953, 957 (Fla. 5th DCA 2015) (holding that there was no contractual basis for attorney's fees where signatures on mortgage were fraudulent and noting that "we are doubtful that section 57.105(7) authorizes attorney's fees pursuant to a contract that was found to have never existed"); Novastar Mortg., Inc. v. Strassburger, 855 So. 2d 130, 131 (Fla. 4th DCA 2003) (finding that appellees were not entitled to recover attorney's fees under the mortgage and section 57.105(7) because they were not parties to the mortgage).

We find our sister court's opinion in HFC Collection Ctr., Inc. v. Alexander, 190 So. 3d 1114 (Fla. 5th DCA 2016), squarely on point. In that case, HFC Collection Center ("HFC") sued Stephanie Alexander ("Alexander") to collect past due amounts that Alexander allegedly owed American Express pursuant to a credit card agreement. HFC claimed that it was the assignee of the credit card

_____

[2] Subsection (2) of section 57.105 was renumbered as (7) in 2003. The text of the subsection was unchanged.

7

agreement, and was therefore entitled to pursue American Express's collection rights against Alexander. Alexander, however, asserted in an affirmative defense that that HFC lacked standing to bring suit, and Alexander prevailed when the trial court entered summary judgment in her favor. In awarding summary judgment in Alexander's favor, the trial court found that HFC failed to prove that it was an assignee of the credit card agreement, and that therefore no contractual relationship existed between HFC and Alexander. 190 So. 3d at 1116.

Following the entry of summary judgment in her favor, Alexander moved to recover fees pursuant to both the attorney's fees provision contained in the credit card agreement and section 57.105(7). Id. The trial court granted attorney's fees in favor of Alexander and the circuit court sitting in its appellate capacity affirmed the award of attorney's fees.

On appeal, the Fifth District reversed the fee award. The Fifth District concluded that the trial court's determination that HFC was not the assignee of the credit card agreement between American Express and Alexander meant that no contract existed between HFC and Alexander. The Fifth District, therefore, reasoned that "[i]f there is no contract between the parties, which would entitle one to recover attorney's fees in the first place, 'there is no basis to invoke the compelled mutuality provisions of' section 57.105(7)." Id. at 1117 (quoting Florida Med. Ctr., Inc. v. McCoy, 657 So. 2d 1248, 1252 (Fla. 5th DCA 1995)).

8

The court further held that because no contract existed between the parties, "Alexander cannot employ section 57.105(7) as a basis for an attorney's fees award after she proved that HFC never became a party to the contract." Id. at 1117.

This Court's opinion in Florida Community Bank is similarly instructive on the issue of section 57.105(7)'s application within the context of a mortgage foreclosure. In that case, the appellant bank sought to foreclose the mortgage on the property of the appellee, Ada Rios ("Rios"). The mortgage at issue contained a unilateral attorney's fees provision in favor of the bank. In the motion to dismiss filed by Rios, she asserted that she never signed the mortgage. Rios further argued throughout the litigation that her signature on the mortgage documents was fraudulent. After the bank voluntarily dismissed Rios from its lawsuit, Rios sought attorney's fees against the bank based on both the attorney's fees provision contained in the mortgage and section 57.105(7). The trial court found that Rios was entitled to attorney's fees, and entered a judgment awarding attorney's fees to Rios against the bank.

This Court reversed the trial court's order and held that in order for Rios to avail herself of section 57.105(7)'s reciprocity as the prevailing party, she "had the threshold burden to plead and establish that she was a party to the mortgage containing the fee provision." 197 So. 3d at 1116. This is so because *"[o]nly the parties to a contract* may avail themselves of section 57.105(7)'s entitlement to

attorney's fees." Id. (emphasis added). This Court therefore reversed the fee judgment against the bank because Rios's successful, principal defense was that she was a non-party to the contract, i.e., the mortgage. Reversal of the fee award was, therefore, required as Rios could not as a non-party to the contract establish her ability to invoke section 57.105(7)'s reciprocity. Id.

Here, the trial court specifically found that the Bank lacked standing because "[t]here was no Assignment of Mortgage, or any other document evidencing a transfer to the [Bank] prior to the institution of the action." The trial court also found that the note was never negotiated in favor of the Bank, and that the Bank was neither a holder nor non-holder in possession with the rights of a holder. In awarding final judgment to Fitzgerald, the trial court determined that no contract existed between the Bank and Fitzgerald. Because the trial court found that no contract existed between the parties, "which would entitle one to recover attorney's fees in the first place, 'there is no basis to invoke the compelled mutuality provisions of' section 57.105(7)." HFC Collection Ctr., 190 So. 3d at 1117. Therefore, we find that the trial court erred in awarding fees to Fitzgerald based on a non-existent contract between the parties.

IV.    CONCLUSION

Because Fitzgerald successfully obtained a judgment below that the Bank lacked standing to enforce the mortgage and note against her, we find that no

10

contract existed between the Bank and Fitzgerald that would allow Fitzgerald to invoke the mutuality provisions of section 57.105(7). Because no contract existed between the parties, the trial court erred in awarding Fitzgerald attorney's fees pursuant to section 57.105(7), and we reverse the trial court's order awarding fees in favor of Fitzgerald.

Reversed and remanded.