IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

INTERIM NON-DISPOSITIVE OPINION. NO MANDATE WILL BE ISSUED AT THIS TIME.

JOE MADL AND MELISSA MADL,

      Appellants,

 v.

Case No. 5D16-53

WELLS FARGO BANK, N.A., AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATING TO IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-2, ET AL.,

      Appellees.

_____/

Opinion filed May 18, 2018

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Beau Bowin, of Bowin Law Group, Satellite Beach, for Appellants.

Adam Shamir, David S. Ehrlich, and Nicole R. Topper, of Blank Rome LLP, Fort Lauderdale, and Monika E. Siwiec, and Manuel S. Hiraldo, of Blank Rome LLP, Boca Raton, for Appellee, Wells Fargo Bank, N.A., As Trustee Under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp, Mortgage Pass Through Certificates, Series 2005-2.

Jacob A. Brainard, Scott C. Davis and Michael H. Casanover, of Business Law Group, P.A., Tampa, for Appellee, Suntree Master Homeowners Association, Inc.

No appearance for other Appellee.


EDWARDS, J.

## ON MOTIONS FOR REHEARING, CERTIFICATION
## OF CONFLICT, AND RECONSIDERATION

Appellee, Wells Fargo, filed motions for rehearing, certification of conflict, and reconsideration, in which it argues, in part, that we erred in granting Appellants' motion for attorney's fees pursuant to the mortgage and section 57.105(7), Florida Statutes (2015). Because there was a contractual relationship between the parties and Appellants are the prevailing parties, they are entitled to attorney's fees in accordance with the mortgage and section 57.105(7). As discussed in more detail below, we deny Appellee's motions concerning the award of attorney's fees to Appellants.[1] Appellee has also filed a motion for rehearing en banc, which is denied by a separate order.

Under current Florida law, the plaintiff in a mortgage foreclosure suit must prove that it has standing both at the time suit is filed and at the time of trial; failure to have standing at either time requires dismissal of the suit. *See McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). Appellee claimed to be the holder of the note, and thus entitled to sue. However, Appellee's proof was lacking

---

[1] We deny the balance of Appellee's motions for rehearing, certification of conflict, and reconsideration. In its motions, Appellee has improperly re-argued its case and has taken literary license with the facts established by the record, conduct that may result in the imposition of sanctions in the future if counsel chooses to repeat this behavior. *See Boardwalk at Daytona Dev., LLC v. Paspalakis*, 212 So. 3d 1063 (Fla. 5th DCA 2017).

because: (1) the copy of the note attached to the complaint was not indorsed either in blank or to Appellee; (2) Appellee and its counsel had been searching for the note for a period of years that extended beyond the initiation of this suit; and (3) the note was ultimately delivered by Deutsche Bank, who had sued Appellants and claimed to be the holder of the same note, to Appellee five years after this suit was filed, but while it was still pending. Deutsche Bank dismissed its foreclosure suit against Appellants after Appellee had filed the underlying suit. Based upon this remarkable combination of facts, we found that Appellee lacked standing when it filed suit. However, it did appear to have standing by the time of trial as a result of Deutsche Bank's unexplained delivery of the allegedly original note. Unlike the copy attached to the complaint, the "original" note bore an indorsement in blank, the timing of which was not explained.

We also determined that Appellee failed to prove that it or anyone acting on its behalf provided Appellants with notice of default and intent to accelerate, a condition precedent to foreclose. Accordingly, because of a lack of standing and a lack of proving compliance with a condition precedent, we reversed the judgment in favor of Appellee and instructed the trial court to involuntarily dismiss the case. Thus, Appellants are prevailing parties.

Appellants' mortgage had been assigned to Appellee. Like many others, the subject mortgage provides that only the lender is entitled to recover its litigation and appellate attorney's fees incurred in successful collection or foreclosure actions. *See Fla. Cmty. Bank v. Red Rd. Residential, LLC*, 197 So. 3d 1112, 1114 (Fla. 3d DCA 2016). "[B]y operation of law, section 57.105(7) bestows on the other party to the contract[—the borrower—]the same entitlement to prevailing party fees." *Id.* at 1115. Section 57.105(7)

3

transforms a unilateral right into a reciprocal right so that all parties to the contract are entitled to recover attorney's fees upon prevailing. *HFC Collection Ctr., Inc. v. Alexander*, 190 So. 3d 1114, 1116 (Fla. 5th DCA 2016).

In order to obtain prevailing party fees pursuant to section 57.105(7), the moving party must prove three requirements: 1) the contract provides for prevailing party fees, 2) both the movant and opponent are parties to that contract, and 3) the movant prevailed. *See Nationstar Mortg. LLC v. Glass*, 219 So. 3d 896, 898 (Fla. 4th DCA 2017) (en banc); *Fla. Cmty. Bank*, 197 So. 3d at 1115. First, as noted above, the Appellants' mortgage contains the prevailing party fee provisions. Second, by virtue of the assignment and the indorsement, Appellee joined Appellants, the original mortgagors, as parties to the contract. Third, Appellants prevailed on appeal, resulting in dismissal of the underlying lawsuit. Having satisfied all three requirements, Appellants are entitled to recover their attorney's fees and expenses from Appellee.

Conversely, section 57.105(7) cannot support an award of fees in favor of parties who are strangers to the contract or where a contract never existed. *See Fla. Cmty. Bank*, 197 So. 3d at 1115 (defendant whose signature was forged on mortgage cannot recover fees; not party to the contract); *Bank of N.Y. Mellon v. Mestre*, 159 So. 3d 953, 956–57 (Fla. 5th DCA 2015) (defendants not entitled to fees where their signatures were forged on mortgage being foreclosed because not parties to contract). Nor can section 57.105(7) be employed to impose fees on a non-party to the contract. *See Bank of N.Y. Mellon Tr. Co. v. Fitzgerald*, 215 So. 3d 116, 121 (Fla. 3d DCA 2017) (defendant borrowers not entitled to fees under section 57.105(7) after proving mortgage never assigned and note never delivered to plaintiff); *HFC Collection Ctr., Inc.*, 190 So. 3d at 1117 (defendant not

4

entitled to fees under section 57.105(7) after proving that her credit card agreement and debt were never assigned to plaintiff.) Reciprocity under section 57.105(7) is available only when, as here, both sides are parties to the contract. Given the lack of contractual mutuality in the just-discussed cases, they do not support Appellee's position.

Appellee relies upon cases from the Fourth District Court of Appeal, which on their face stand for the proposition that a foreclosure plaintiff's lack of standing automatically forecloses application of section 57.105(7). In *Glass*, the fourth district broadly stated that "[a] party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the [mortgage] contract cannot recover fees based upon a [fee] provision in that same contract." 219 So. 3d at 899. The *Glass* opinion does not disclose whether there was or was not any contractual relationship between those parties or whether the plaintiff had standing at the time of trial; thus, we have no basis to agree or disagree with the outcome. Appellee's reference to the fourth district's decision in *GMAC Mortgage, LLC v. Wallach*, 231 So. 3d 3 (Fla. 4th DCA 2017), sheds no light on the subject as the two-sentence opinion does not discuss the existence *vel non* of any contractual relationship between the parties.

Appellee also relies upon the fourth district's opinion *Christiana Trust v. Rushlow*, 231 So. 3d 558 (Fla. 4th DCA 2017), in which it reversed, citing to *Glass*, the trial court's award of attorney's fees to defendant pursuant to section 57.105(7) after finding that plaintiff lacked standing "both at the initiation of suit and at trial." *Id.* at 559. *Rushlow* appears to be consistent with those cases in which, unlike here, there "is no contract between the parties, which would entitle one to recover attorney's fees in the first place, [thus] 'there is no basis to invoke the compelled mutuality provisions' of § 57.105(7)."

*HFC Collection Ctr., Inc.,* 190 So. 3d at 1117 (quoting *Fla. Med. Ctr., Inc. v. McCoy*, 657 So. 2d 1248, 1252 (Fla. 4th DCA 1995)).  Thus, we find no conflict between our decision and *Rushlow*.

Accordingly, Appellee's motions for rehearing, certification, and reconsideration are denied.

ORFINGER and WALLIS, JJ., concur.