NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALLEN HARRIS A/K/A ALLEN T.      )
HARRIS,                          )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No.  2D17-2555
                                 )
THE BANK OF NEW YORK MELLON,     )
FKA The Bank of New York, as     )
trustee for the certificateholders of the   )
CWABS, Inc., Asset-Backed        )
Certificates, Series 2007-9; and )
ARLANA HARRIS A/K/A              )
ARLANA D. BARR-HARRIS A/K/A      )
ARLANA BARR-HARRIS,              )
                                 )
          Appellees.             )
_____)

Opinion filed December 28, 2018.

Appeal from the Circuit Court for
Hillsborough County; Emmett Lamar
Battles, Judge.

Mark P. Stopa of Stopa Law Firm, LLC,
Tampa (withdrew after briefing); and
Latasha Scott of Lord Scott, PLLC,
Tampa, for Appellants.

J. Kirby McDonough and Lauren G.
Raines of Quarles & Brady, LLP, Tampa,
for Appellee The Bank of New York
Mellon, fka The Bank of New York, as
trustee for the certificateholders of the

CWABS, Inc., Asset-Backed Certificates,
Series 2007-9.

No appearance for Appellee Arlana
Harris a/k/a Arlana D. Barr-Harris a/k/a
Alana Barr-Harris.


SLEET, Judge

Allen Harris challenges the trial court's final order denying his motion for

attorney's fees in the foreclosure action brought against him by Bank of New York

Mellon f/k/a Bank of New York, as Trustee for Certificateholders of the CWABS, Inc.,

Asset-Backed Certificates, Series 2007-9 (the Trust).[1]  Harris successfully moved to

have the foreclosure action involuntarily dismissed because the Trust failed to prove its

standing as the holder of the note at the inception of the action as it had alleged in its

complaint.  After a hearing on attorney's fees, the trial court denied Harris' motion to

recover fees under the mortgage contract and section 57.105(7), Florida Statutes

(2014).  Because record evidence established that there was a contractual relationship

between the parties and because Harris was the prevailing party below, we reverse.

In 2007, Harris and his wife Arana executed a note and mortgage with the

original lender, Countrywide Home Loans, Inc.  On June 4, 2014, the Trust filed a

lawsuit to foreclose the mortgage and enforce the terms of the note.  In the complaint,

the Trust alleged that it was the holder of the note, and it attached a copy of the note

bearing a blank indorsement.  A copy of the mortgage also was attached to the

---

[1]Arlana Harris was a named defendant below but makes no appearance in
this appeal.  She is included as an appellee pursuant to Florida Rule of Appellate
Procedure 9.020(g)(2).

complaint. Paragraph 22 of the mortgage entitled the Trust to recover all attorney's fees incurred in connection with this case.

Harris filed an answer and defenses, admitting that he had executed the note and mortgage but challenging the Trust's standing to foreclose. The case proceeded to nonjury trial. The evidence adduced at trial is undisputed. The Trust called one witness, an employee of the loan servicer Specialized Loan Servicing (SLS), who testified that SLS, not the Trust, possessed the note at the time the foreclosure complaint was filed. The original blank-indorsed note and mortgage and an assignment dated April 12, 2012, which assigned the note and mortgage to the Trust, were admitted into evidence. At the close of the Trust's case, Harris moved for involuntary dismissal and argued that the Trust did not prove that it was the holder of the note at the inception of the case because SLS possessed the note and there was no evidence of an agency relationship between the Trust and SLS. The trial court agreed and concluded that the Trust had failed to prove its standing at the inception of the case; the court therefore dismissed the lawsuit.

Having prevailed at trial, Harris filed a timely motion for attorney's fees pursuant to the fee provision in the mortgage and section 57.105(7). The Trust filed a response, arguing that Harris could not recoup prevailing party attorney's fees because the order of dismissal based upon lack of standing proved there was no contract between the parties and therefore Harris could not avail himself of the contractual fee provision or section 57.105(7). The trial court agreed and denied the motion for fees.

It is well settled that attorney's fees may only be awarded when authorized by statute or contract. E.g., Snell v. Motts Contracting Servs., Inc., 141 So. 3d 605, 608

(Fla. 2d DCA 2014). Here, Harris relies on section 57.105(7) to statutorily transform the mortgage contract's unilateral attorney fee provision into a reciprocal obligation. See Fla. Cmty. Bank, N.A. v. Red Road Residential, LLC, 197 So. 3d 1112, 1115 (Fla. 3d DCA 2016) ("[N]otwithstanding that the contractual fee provision is one-sided, entitling only one of the contract's parties to prevailing party fees, by operation of law section 57.105(7) bestows on the other party to the contract the same entitlement to prevailing party fees."). "Because it concerns a question of law, we review de novo a trial court's final judgment determining entitlement to attorney's fees based on a fee provision in the mortgage and the application of section 57.105(7)." Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald, 215 So. 3d 116, 118 (Fla. 3d DCA 2017).

Section 57.105(7) provides as follows:

If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to this contract. This subsection applies to any contract entered into on or after October 1, 1998.

Because section 57.105(7) shifts the responsibility for attorney's fees, "the statute is in derogation of common law and must be strictly construed." Fla. Cmty. Bank, 197 So. 3d at 1115.

In order to obtain prevailing party fees pursuant to section 57.105(7), the moving party must prove (1) that the contract provides for prevailing party fees, (2) that both the movant and opponent are parties to that contract, and (3) that the movant prevailed. See Nationstar Mortg. LLC v. Glass, 219 So. 3d 896, 898 (Fla. 4th DCA 2017) (en banc). Here, it is undisputed that the mortgage contract contains a provision

- 4 -

that provides for prevailing party fees and that Harris prevailed at trial; therefore the only question before us is whether both Harris and the Trust were parties to the contract. We conclude that they were.

We find the Fifth District's opinion in Madl v. Wells Fargo Bank, N.A., 244 So. 3d 1134 (Fla. 5th DCA 2017), to be instructive. In that case, at the time of inception of the lawsuit, Wells Fargo attached to its complaint a copy of the note, which was payable to the original lender and which contained no indorsements or alonges. The Madls then raised Wells Fargo's lack of standing in their answer. At trial, Wells Fargo introduced the purported original note with an undated blank indorsement allegedly signed by the original lender. However, Wells Fargo's witness could not testify as to when the indorsement was made. The Fifth District reversed the final judgment of foreclosure for lack of standing at the inception of the case, noting that "[w]here the plaintiff relies on an undated indorsement to establish its standing, it must prove that the indorsement was made prior to the filing of the complaint and that the indorsed note was in the plaintiff's possession at the time the suit was filed." Id. at 1136. The Fifth District nevertheless granted the Madls' motion for appellate attorney's fees. Id. at 1137. The Fifth District subsequently denied the bank's motion for rehearing, which specifically challenged the attorney fee award:

> Under current Florida law, the plaintiff in a mortgage foreclosure suit must prove that it has standing both at the time the suit is filed and at the time of trial; failure to have standing at either time requires dismissal of the suit. . . . [W]e found that [Wells Fargo] lacked standing when it filed suit. However, it did appear to have standing by the time of trial as a result of [the] delivery of the alleged original note.
>
> [The Madls'] mortgage had been assigned to [Wells Fargo]. Like many others, the subject mortgage provides

- 5 -

that only the lender is entitled to recover its litigation and appellate attorney's fees incurred in successful collection or foreclosure actions. . . .

In order to obtain prevailing party fees pursuant to section 57.105(7), the moving party must prove three requirements: (1) the contract provides for prevailing party fees, (2) both the movant and opponent are parties to that contract, and (3) the movant prevailed. First . . . the [Madls'] mortgage contains the prevailing party fee provisions. Second, by virtue of the assignment and the indorsement, [Wells Fargo] joined [the Madls], the original mortgagors, as parties to the contract. Third, [the Madls] prevailed on appeal, resulting in dismissal of the underlying suit. Having satisfied all three requirements, [the Madls] are entitled to recover their attorney's fees and expenses from [Wells Fargo].

Id. at 138-39 (citations omitted).

The instant case is on point with Madl. Here, the Trust failed to prove that it had standing at the time it filed the lawsuit. Nevertheless, the record demonstrates that the note and mortgage were assigned to the Trust in 2012. As such, the Trust became a party to the mortgage contract and was subject to the fee provision therein. And the requirements of section 57.105(7) are satisfied where it can be established that the prevailing party and its opponent are both parties to a contract that contains a prevailing party fee provision. Accordingly, Harris is entitled to an award of attorney's fees from the Trust pursuant to the mortgage contract and section 57.105(7).

In so holding, we recognize that the Third, Fourth, and Fifth Districts each have held that when a party prevails by establishing that the plaintiff completely failed to prove standing, there is no longer a contract between the parties and no basis upon which to enforce a fee provision. See Glass, 219 So. 3d at 899 (denying a motion for appellate attorney's fees and holding that "[a] party that prevails on its argument that

- 6 -

dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract"); Fitzgerald, 215 So. 3d at 121 ("Because Fitzgerald successfully obtained a judgment below that the Bank lacked standing to enforce the mortgage and note against her, we find that no contract existed between [the parties] that would allow Fitzgerald to invoke the mutuality provisions of section 57.105(7)."); HFC Collection Ctr., Inc. v Alexander, 190 So. 3d 1114 (Fla 5th DCA 2016) (reversing fee award where HFC could not establish that Alexander's credit card debt had been assigned to it by American Express and holding that because no contract existed between the parties " 'there [wa]s no basis to invoke the compelled mutuality provisions of' section 57.105(7)" (quoting Fla. Med. Ctr., Inc. v. McCoy, 657 So. 2d 1248, 1252 (Fla. 4th DCA 1995))). However, we would initially note that these cases are factually distinguishable from the instant case.

In all of these cases, the evidence demonstrated that no contractual relationship existed between the parties. In Fitzgerald, the Third District reversed a fee award against the bank in a mortgage foreclosure because "[t]here was no Assignment of Mortgage, or any other document evidencing a transfer to the [Bank]" and accordingly "no contract existed between the parties." 215 So. 3d at 117.[2] In Alexander, the appellant, who was the borrower in a credit card agreement, affirmatively proved that there was no assignment of that agreement to the appellee bank, who was the plaintiff

---

[2]Also, in support of its holding, Fitzgerald cites cases wherein there was no contractual basis for attorney's fees because the mortgage was procured by fraud and/or the borrower's signature was determined to be a forgery. See Fla. Cmty. Bank, N.A. v. Red Road Residential, LLC, 197 So. 3d 1112 (Fla. 3d DCA 2016); Bank of N.Y. Mellon v. Mestre, 159 So. 3d 953 (Fla. 5th DCA 2015).

below.  Due to that lack of assignment, there was no evidence to establish that the bank was a party to the agreement.[3]  Additionally, because Alexander involved credit card debt and not mortgage foreclosure, the bank's lack of standing in that case was based on the fact that it was never made a party to the credit card agreement.  Here, the Trust's failure to prove standing turned on the very specific proof requirements involved in foreclosure law and did not establish that the Trust was not a party to the mortgage contract.  Finally, the Glass opinion does not include enough facts to ascertain whether there was or was not a contractual relationship between Nationstar and Glass, whether there was an assignment of the note and mortgage, or whether Nationstar had standing at the time of trial.

In the instant case, however, the 2012 assignment that transferred the note and mortgage to the Trust was direct evidence that the Trust was a party to the mortgage contract regardless of the fact that the Trust failed to establish its standing to bring the foreclosure action.  Whether a lender can establish standing as a holder of the note is predicated on its proving that it has possession—directly or through an agency relationship—of the instrument that is either executed in its favor or has a blank or special indorsement.  That is an entirely different question than whether the lender and borrower are parties to a mortgage contract containing a fee provision.  We therefore conclude that proof of standing is not required to establish a contractual relationship between the parties.

_____

[3]In all of the cases cited within Alexander, the underlying contract either did not exist or the party moving for fees was not a party thereto. See Mestre, 159 So. 3d 953; Surgical Partners, LLC, v. Choi, 100 So. 3d 1267 (Fla. 4th DCA 2012); Novastar Mortg., Inc. v. Strassburger, 855 So. 2d 130 (Fla. 4th DCA 2003).

Although this factual distinction exists between the instant case and the cases relied on by the Trust, the broad language in those cases requires that we certify conflict with Fitzgerald and Glass to the extent that these opinions hold that a party's failure to establish standing in a mortgage foreclosure case necessarily means that no contract existed between the parties.[4]

Finally, we address the inequity of denying a prevailing party attorney's fees required by contract simply because the opposing party could not prove its standing to prosecute the claim. The purpose of section 57.105(7) is to level the playing field and "to ensure that each party gets what it gives[, i.e.,] the ability to recover fees in litigation arising under these contractual provisions." Fla. Hurricane Protection & Awning Inc. v. Pastina, 43 So. 3d 893, 895 (Fla. 4th DCA 2010). Here, the Trust sued Harris alleging that it had a contractual relationship with him and that it had standing to foreclose on the mortgage and enforce the note. Harris was served with the complaint, hailed into court, and forced to retain an attorney. He admitted the contractual relationship but challenged the Trust's evidence of standing. Ultimately, the trial court granted an involuntary dismissal based upon lack of proof of standing, which is fundamentally different than a dismissal based upon a party affirmatively proving that the plaintiff is not a party to the contract.

There are many other scenarios in which Harris could have prevailed and recovered his attorney's fees. If the Trust had voluntarily dismissed the lawsuit, Harris would have been entitled to fees. If the Trust had failed to prove a default or the

---

[4]We need not certify conflict with Alexander, 190 So. 3d 1114, which was not a mortgage foreclosure case and therefore is not in direct conflict with our holding here.

amount of indebtedness and the court granted an involuntary dismissal, Harris would have been entitled to fees.  As such, it seems inequitable to deny him his fees in the instant case simply because the action was involuntarily dismissed due to the Trust's failure to establish its standing as the holder of the note.

Because the record before us contains evidence that establishes the Trust as a party to the mortgage contract, we reverse and remand for an order granting Harris' motion for attorney's fees.

Reversed and remanded; conflict certified.


NORTHCUTT and CRENSHAW, JJ., Concur.