DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE P. VENEZIA** and **VICKY VENEZIA,**
Appellants,

v.

**JP MORGAN MORTGAGE ACQUISITION CORP.,**
Appellee.

No. 4D18-1278

[May 22, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 50-2014-CA-009993-XXXX-MB.

W. Trent Steele of Steele Law, Hobe Sound, for appellants.

Joseph B. Towne of Lender Legal Services, LLC, Orlando, for appellee.

*ON MOTION FOR REHEARING*

PER CURIAM.

We grant the bank's motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.

Appellants appeal an order denying their motion for attorney's fees following the bank's voluntary dismissal of its foreclosure action. Because the voluntary dismissal rendered appellants the prevailing party for purposes of attorney's fees, we reverse.

JP Morgan filed a foreclosure complaint against appellants. JP Morgan alleged it was entitled to enforce the note as the holder because it had physical possession of the note endorsed in blank. JP Morgan further alleged it was entitled to fees under the note and mortgage. A copy of the note attached to the complaint listed HomeBanc as the original lender and contained an endorsement in blank by HomeBanc. Wilmington was later substituted as party plaintiff.

Appellants filed an answer, raising standing as an affirmative defense.

They also asserted entitlement to attorney's fees.

After the bank voluntarily dismissed its case without prejudice, appellants moved for attorney's fees pursuant to the mortgage and section 57.105(7), Florida Statutes. The bank opposed the motion, arguing that appellants could not recover fees because they denied the bank was a party to the contract rather than proving the bank was a party to the contract. During a hearing on the motion, appellants argued that "there's no requirement on us to prove anything against—of the plaintiff's case." After the hearing, the trial court denied appellants' motion for fees.

"[W]e review de novo a trial court's final judgment determining entitlement to attorney's fees based on a fee provision in the mortgage and the application of section 57.105(7)." *Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116, 118 (Fla. 3d DCA 2017). Under section 57.105(7), unilateral attorney's fees provisions in a contract are deemed reciprocal. *See* § 57.105(7), Fla. Stat. (2018). The entitlement to fees under section 57.105(7) applies when the party seeking fees prevails and is a party to the contract containing the fee provision. *Fla. Cmty. Bank, N.A. v. Red Rd. Residential, LLC*, 197 So. 3d 1112, 1115 (Fla. 3d DCA 2016). "[W]here a motion for attorney's fees is based on a prevailing-party provision of a document, the fact that a contract never existed precludes an award of attorney's fees." *David v. Richman*, 568 So. 2d 922, 924 (Fla. 1990). However, "when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable." *Katz v. Van Der Noord*, 546 So. 2d 1047, 1049 (Fla. 1989).

In denying the motion for fees, the trial court relied on *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017). In *Glass*, after the bank voluntarily dismissed its appeal, this court denied the homeowner's motion for appellate attorney's fees because she prevailed on her lack of standing argument in the trial court. In reaching this decision, this court relied on *Bank of New York Mellon Trust Co., N.A. v. Fitzgerald*, 215 So. 3d 116 (Fla. 3d DCA 2017), which held that where a "trial court found no contract existed between the parties, which would entitle one to recover attorney's fees in the first place, there [was] no basis to invoke the compelled mutuality provisions of section 57.105(7)." *Glass*, 219 So. 3d at 898 (quoting *Fitzgerald*, 215 So. 2d at 121). Unlike in *Glass*, this case does not involve a judicial determination that no contract existed between the parties.

More on point is *Wells Fargo Bank, N.A. v. Elkind*, 254 So. 3d 1153,

1154 (Fla. 4th DCA 2018), where this court held that a borrower who had raised lack of standing as an affirmative defense was entitled to prevailing party attorney's fees following the bank's voluntary dismissal. This court reasoned that "[s]tanding was never litigated below and the trial court never made a finding that the bank or the borrower were not parties to the contract" and thus, "the borrower did not prevail on his argument that dismissal was required because the bank lacked standing to sue on the contract." *Id; see also Rodriguez v. Wilmington Savings Fund Society, FSB as Tr. for Stanwich Mortg. Loan Tr. A,* 43 Fla. L. Weekly D2742 (Fla. 4th DCA Dec. 12, 2018) (finding that a borrower who raised lack of standing as an affirmative defense was entitled to prevailing party attorney's fees following the bank's voluntary dismissal because "the parties never litigated the merits of [the bank's] standing below, and the trial court never made a finding that the Borrower was not a party to the note or mortgage"); *Harris v. Bank of N.Y. Mellon,* 44 Fla. L. Weekly D141 (Fla. 2d DCA Dec. 28, 2018) (stating that "proof of standing is not required to establish a contractual relationship between the parties").

In the instant case, the bank voluntarily dismissed its case and the bank alleged in its complaint that it was entitled to enforce the note and mortgage. Significantly, there was never a judicial determination by the trial court that the bank or appellants were not a party to the contract. Based on the foregoing authority, appellants were entitled to attorney's fees. We therefore reverse and remand for the trial court to grant attorney's fees and determine the reasonableness of the amounts sought.

*Reversed and remanded with instructions.*

WARNER and LEVINE, JJ., concur.
CIKLIN, J., dissents with opinion.

CIKLIN, J., dissenting.

I respectfully disagree with the majority and would affirm.

In my opinion, the borrowers not only failed to prove entitlement to fees but went so far as to <u>deny</u> that they were required to offer *any and all types of proof whatsoever* which I believe § 57.105 requires as a prerequisite to being awarded reciprocal fees.

\*      \*      \*