DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A.,**
Appellant,

v.

**JOSEPH B. ELKIND,** a/k/a **JOSEPH ELKIND, TIMOTHY M. DONOVAN, BADABRA, LLC,** and **UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY,**
Appellee.

No. 4D17-1213

[September 5, 2018]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 15-018182.

Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellant.

Bruce K. Herman of The Herman Law Group, P.A. Fort Lauderdale, for appellee, Joseph B. Elkind a/k/a Joseph Elkind.

ON MOTION FOR REHEARING

PER CURIAM.

We grant appellant's motion for rehearing, withdraw our opinion dated July 18, 2018, and substitute the following.

The bank filed a verified complaint to foreclose a mortgage against the borrower, who raised several affirmative defenses, including lack of standing. Thereafter, the bank voluntarily dismissed the complaint without prejudice, but gave no reason for the dismissal.

The borrower moved for prevailing party attorney's fees and costs pursuant to the loan documents and section 57.105, Florida Statutes. The bank argued in opposition that the borrower was precluded from recovering attorney's fees based on the note or mortgage after taking the position that the bank lacked standing. Following a hearing, the trial court

entered a final order awarding the borrower $35,880 in attorney's fees and costs.

On appeal, the bank contends that the trial court erred by awarding prevailing party attorney's fees and costs to the borrower because the borrower failed to demonstrate that both he and the bank were entitled to enforce the note and mortgage, emphasizing that the borrower argued to the contrary below by raising the affirmative defense that the bank lacked standing.

The bank relies on *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896, 899 (Fla. 4th DCA 2017), which held that "[a] party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a provision in that same contract."

However, there is a difference between prevailing on the merits on a standing issue and an undifferentiated voluntary dismissal of a lawsuit prior to any merits determination. The bank's voluntary dismissal took this case out of *Glass*. Standing was never litigated below and the trial court never made a finding that the bank or the borrower were not parties to the contract. Because the borrower did not prevail on his argument that dismissal was required because the bank lacked standing to sue on the contract, he is not precluded from recovering fees based on a provision in the same contract. *Glass*, 219 So. 3d at 899. Accordingly, we affirm the order awarding fees. We leave for another day the issue of whether the borrower's victory on the attorney's fee issue here would collaterally estop him from raising standing in a future foreclosure on the same mortgage and note.

GROSS, CONNER and KLINGENSMITH, JJ., concur.

*        *        *

- 2 -