DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE P. VENEZIA** and **VICKY VENEZIA,**
Appellants,

v.

**JP MORGAN MORTGAGE ACQUISITION CORP.,**
Appellee.

No. 4D18-1278

[February 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 50-2014-CA-009993-XXXX-MB.

W. Trent Steele of Steele Law, Hobe Sound, for appellants.

Joseph B. Towne of Lender Legal Services, LLC, Orlando, for appellee.

PER CURIAM.

Appellants appeal an order denying their motion for attorney's fees following JP Morgan's voluntary dismissal of its foreclosure action. Because the voluntary dismissal rendered appellants the prevailing party for purposes of attorney's fees, we reverse.

JP Morgan filed a foreclosure complaint against appellants. JP Morgan alleged it was entitled to enforce the note as the holder because it had physical possession of the note endorsed in blank. JP Morgan further alleged it was entitled to fees under the note and mortgage. A copy of the note attached to the complaint listed HomeBanc as the original lender and contained an endorsement in blank by HomeBanc.

Appellants filed an answer, raising standing as an affirmative defense. They also asserted entitlement to attorney's fees.

After JP Morgan voluntarily dismissed its case without prejudice, appellants moved for attorney's fees pursuant to the mortgage and section 57.105(7), Florida Statutes. JP Morgan opposed the motion, arguing that appellants could not recover fees because they denied JP Morgan was a

party to the contract rather than proving JP Morgan was a party to the contract. During a hearing on the motion, appellants argued that "there's no requirement on us to prove anything against—of the plaintiff's case." After the hearing, the trial court denied appellants' motion for fees.

"[W]e review de novo a trial court's final judgment determining entitlement to attorney's fees based on a fee provision in the mortgage and the application of section 57.105(7)." *Bank of New York Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116, 118 (Fla. 3d DCA 2017). Under section 57.105(7), unilateral attorney's fees provisions in a contract are deemed reciprocal. *See* § 57.105(7), Fla. Stat. (2018). The entitlement to fees under section 57.105(7) applies when the party seeking fees prevails and is a party to the contract containing the fee provision. *Fla. Cmty. Bank, N.A. v. Red Rd. Residential, LLC*, 197 So. 3d 1112, 1115 (Fla. 3d DCA 2016).

In denying the motion for fees, the trial court relied on *Nationstar Mortgage LLC v. Glass*, 219 So. 3d 896 (Fla. 4th DCA 2017), *quashed*, SC17-1387, 2019 WL 98152 (Fla. Jan. 4, 2019). In *Glass*, after the bank voluntarily dismissed its appeal, this court denied the homeowner's motion for appellate attorney's fees because she prevailed on her lack of standing argument in the trial court.

During the pendency of this appeal, the Florida Supreme Court quashed *Glass* because a voluntary dismissal renders the opposing party the prevailing party for purposes of appellate attorney's fees and because the bank maintained its right to enforce the contract in its appeal until the dismissal. 2019 WL 98152, at *2. The supreme court found that the determinative issue was the bank's voluntary dismissal of the appeal, not the homeowner's successful dismissal of the complaint at trial. *Id.* at *2. The supreme court recognized that while a party cannot recover appellate "attorney's fees under a contract that has been found to have never existed," a party can recover attorney's fees "under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable." *Id.* at *4 (quoting *Katz v. Van Der Noord*, 546 So. 2d 1047, 1049 (Fla. 1989)). The supreme court concluded that a "contract clearly existed" in that case and that, even if the homeowner prevailed on her standing argument, the contract was merely unenforceable. *Id.*

In *Wells Fargo Bank, N.A. v. Elkind*, 254 So. 3d 1153, 1154 (Fla. 4th DCA 2018), this court held that a borrower who had raised lack of standing as an affirmative defense was entitled to prevailing party attorney's fees following the bank's voluntary dismissal. This court reasoned that

2

"[s]tanding was never litigated below and the trial court never made a finding that the bank or the borrower were not parties to the contract" and thus, "the borrower did not prevail on his argument that dismissal was required because the bank lacked standing to sue on the contract." *Id. See also Rodriguez v. Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust A*, 43 Fla. L. Weekly D2742 (Fla. 4th DCA Dec. 12, 2018) (finding that a borrower who raised lack of standing as an affirmative defense was entitled to prevailing party attorney's fees following the bank's voluntary dismissal because "the parties never litigated the merits of [the bank's] standing below, and the trial court never made a finding that the Borrower was not a party to the note or mortgage"); *Harris v. Bank of New York Mellon*, 44 Fla. L. Weekly D141 (Fla. 2d DCA Dec. 28, 2018) (stating that "proof of standing is not required to establish a contractual relationship between the parties").

In the instant case, JP Morgan voluntarily dismissed its case and JP Morgan alleged in its complaint that it was entitled to enforce the note and mortgage. Significantly, there was never a judicial determination by the trial court that JP Morgan or appellants were not a party to the contract. Based on the foregoing authority, appellants were entitled to attorney's fees. We therefore reverse and remand for the trial court to grant attorney's fees and determine the reasonableness of the amounts sought.

*Reversed and remanded with instructions.*

WARNER and LEVINE, JJ., concur.
CIKLIN, J., dissenting with opinion.

CIKLIN, J., dissenting.

I respectfully disagree with the majority and would affirm.

In my opinion, the borrowers not only failed to prove entitlement to fees but went so far as to <u>deny</u> that they were required to offer *any and all types of proof whatsoever* which I believe § 57.105 requires as a prerequisite to being awarded reciprocal fees.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**