DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMENIC GROSSO** a/k/a **DOMENIC L. GROSSO,**
Appellant,

v.

**HSBC BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE
SECURITIES CORP.,**
Appellee.

No. 4D17-2874

[February 6, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Susan R. Lubitz, Senior Judge; L.T. Case No. 50-2012-CA-005882-XXXX-MB.

Michael Vater, Kendrick Almaguer, and Peter Ticktin of The Ticktin Law Group, PLLC, Deerfield Beach, for appellant.

Kimberly S. Mello and Joseph H. Picone of Greenberg Traurig, P.A., Tampa, for appellee.

PER CURIAM.

The homeowner appeals an order denying his motion for attorney's fees following the bank's voluntary dismissal of its foreclosure action. We reverse because the voluntary dismissal rendered the homeowner the prevailing party for purposes of attorney's fees.

HSBC Bank filed a foreclosure complaint against the homeowner, alleging it was the owner and holder of the note and mortgage. HSBC further alleged it was entitled to attorney's fees under the contract. A copy of the note attached to the complaint listed DB Home Lending LLC as the lender and the homeowner as the borrower. The note contained a specific endorsement by DB Home Lending to HSBC.

The homeowner filed an answer and affirmative defenses. In his affirmative defenses, the homeowner stated that the bank lacked standing, the bank did not have legal rights to enforce the note and mortgage, and the endorsement on the note was not valid and authentic. The homeowner

also requested attorney's fees.

A year after filing the complaint, HSBC voluntarily dismissed the case without prejudice.  The homeowner moved for prevailing party attorney's fees under the contract.  Specifically, the homeowner alleged in the motion for attorney's fees that "[t]he Mortgage that was the subject matter of this lawsuit provided for costs and expenses if the Note holder was to enforce the Note" and that section 57.105(7), Florida Statutes, made this provision applicable to the homeowner.  HSBC opposed the motion, arguing that the homeowner's lack of standing defense precluded him from recovering fees.  After a hearing, the trial court denied the homeowner's motion, finding that he failed to prove that he and HSBC were parties to the contract.

A trial court's determination of whether a party is entitled to attorney's fees based on a fee provision in the mortgage is reviewed de novo.  *Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald*, 215 So. 3d 116, 118 (Fla. 3d DCA 2017).  Section 57.105(7), Florida Statutes, operates to make a unilateral attorney's fees provision in a mortgage contract reciprocal.  In order for a prevailing party to avail itself of section 57.105(7), both the movant and the opponent must be parties to the contract containing the fee provision.  *Madl v. Wells Fargo Bank, N.A.*, 244 So. 3d 1134, 1138 (Fla. 5th DCA 2017).

In denying the motion for fees, the trial court relied on *Florida Community Bank, N.A. v. Red Road Residential, LLC*, 197 So. 3d 1112 (Fla. 3d DCA 2016).  In *Red Road Residential*, the borrower maintained throughout the litigation, including in sworn discovery, that she never signed the mortgage.  *Id.* at 1114.  Rather than litigating its claim against the borrower, the bank ultimately dismissed her from the lawsuit with prejudice.  *Id.*  Unlike *Red Road Residential*, the instant case did not involve any sworn discovery and the dismissal was without prejudice.

In *Glass v. Nationstar Mortgage, LLC*, No. SC17-1387, 2019 WL 98152 (Fla. Jan. 4, 2019), the Florida Supreme Court held that a homeowner was entitled to prevailing party appellate attorney's fees following the bank's voluntary dismissal of its appeal, even though the homeowner had prevailed in the trial court.  The supreme court found that the voluntary dismissal rendered the homeowner a prevailing party and that the bank had maintained its right to enforce the contract on appeal until the dismissal.  Although the trial court's dismissal was based on four possible grounds, "[e]ven if the trial court's dismissal was based on lack of standing, it was not based on a finding that [the bank] did not hold the note but on a finding that [the bank's] complaint was legally insufficient for failure to properly demonstrate the chain of title."  *Id.* at *4.  The supreme court

2

recognized that there is a difference between a non-existent contract, under which a party cannot recover fees, and a contract which is rescinded or unenforceable, under which a party can recover fees. Because a contract "clearly existed" in *Glass* but was merely unenforceable, the homeowner was entitled to appellate attorney's fees. *Id.*

We find instructive *Rodriguez v. Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust A*, No. 4D18-310, 2018 WL 6528491 (Fla. 4th DCA Dec. 12, 2018). In that case, a borrower was found to be entitled to prevailing party fees after the bank's voluntary dismissal even though she had challenged the bank's standing throughout the lawsuit. This court found that "the parties never litigated the merits of [the bank's] standing below, and the trial court never made a finding that the Borrower was not a party to the note or mortgage." *Id.* at *2. Because the bank voluntarily dismissed the action without the trial court resolving the standing issue on the merits, the borrower was entitled to fees. *Id. See also Wells Fargo Bank, N.A. v. Elkind*, 254 So. 3d 1153, 1154 (Fla. 4th DCA 2018) (finding borrower who raised lack of standing as affirmative defense was entitled to prevailing party attorney's fees following the bank's voluntary dismissal because the parties never litigated standing and "the trial court never made a finding that the bank or the borrower were not parties to the contract"); *Harris v. Bank of N.Y. Mellon*, No. 2D17-2555, 2018 WL 6816177, at *4 (Fla. 2d DCA Dec. 28, 2018) ("[P]roof of standing is not required to establish a contractual relationship between the parties.").

In this case, HSBC voluntarily dismissed its complaint, thus rendering the homeowner the prevailing party for purposes of attorney's fees. Notably, the trial court never made a judicial determination that HSBC or the homeowner was not a party to the contract. Additionally, HSBC maintained in its complaint a right to enforce the contract. Significantly, the copy of the note attached to the complaint contained a specific endorsement by the original lender to HSBC and listed the homeowner as the borrower. This should be sufficient record evidence to demonstrate that HSBC and the homeowner were parties to the underlying contract so as to justify attorney's fees pursuant to section 57.105(7). *See Mihalyi v. LaSalle Bank, N.A.*, 162 So. 3d 113, 115 (Fla. 4th DCA 2014) (implying that an evidentiary hearing is required for determining the amount of fees, not for determining entitlement to fees); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

The cases the dissent relies on are distinguishable, as none involve a voluntary dismissal without prejudice like the instant case. The dissent

attempts to distinguish *Rodriguez* and *Elkind* by stating that those cases dealt with judicial estoppel or prevailing parties, and not with the burden for attorney's fees. But cases with the same facts should get the same result. A voluntary dismissal, without a judicial determination, should allow reliance on the reciprocal attorney's fees provision of section 57.105(7).

Based on the foregoing authority, the homeowner was entitled to prevailing party attorney's fees. We reverse and remand for the trial court to grant attorney's fees and determine the reasonableness of the amount sought.

*Reversed and remanded with instructions.*

LEVINE and FORST, JJ., concur.
CONNER, J., dissents with opinion.

CONNER, J., dissenting.

I respectfully dissent for two reasons: (1) the trial court properly determined that no evidence was presented by the homeowner establishing the homeowner and HSBC were parties to a contract with a fee provision; and (2) the case law relied upon by the majority is inapplicable to the specific argument made by HSBC in the trial court, which the trial court found to be dispositive.

Regarding the case law relied upon by the majority, I disagree that the recent supreme court opinion in *Glass v. Nationstar Mortgage, LLC*, No. SC17-1387, 2019 WL 98152 (Fla. Jan. 4, 2019), controls this case for the simple reason that *Glass* addressed an award of appellate attorney's fees, whereas, the instant case involves an award of attorney's fees at the trial level. More importantly, in *Glass*, the supreme court did not address the specific argument raised by HSBC, which the trial court found to be dispositive. Additionally, our recent opinions in *Rodriguez v. Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust A*, No. 4D18-310, 2018 WL 6528491 (Fla. 4th DCA Dec. 12, 2018) and *Wells Fargo Bank, N.A. v. Elkind*, 254 So. 3d 1153 (Fla. 4th DCA 2018), are likewise inapposite because those opinions address issues concerning determination of a prevailing party and judicial estoppel, but they do not address the specific argument raised in the trial court by HSBC as to who has the burden of proof regarding a contractual relationship.

I respectfully submit the case law on the issue of attorney's fees after a voluntary dismissal is confusing. In part, this is because appellate courts

have frequently failed to articulate with precision the distinction in law between who is a "prevailing party" in litigation and who is a "party" to a contract. Moreover, standing, in the context of foreclosures, can be confusing because there are two phases of standing (at the time suit is filed and at the time of trial), which can be pertinent to determining who prevails on a legal issue. Additionally, the case law frequently fails to emphasize that promissory notes are a special specie of contracts, involving a special set of legal principles. For example, a person who does not properly obtain ownership a blank indorsed note can enforce it because he or she is in possession of it. *See* § 673.3011, Fla. Stat. (2018). Presumably, enforcement of the note with an attorney fee provision allows such possessor to also receive attorney's fees. At first blush, it seems implausible to say a person who is not in the chain of ownership can be considered in privity with the maker of the note, however, simple possession of contract (the blank indorsed note) provides the privity, even though there is no meeting of the minds. I also submit that much of the confusion stems from a failure to properly analyze and apply legal principles regarding judicial estoppel.

The case law regarding entitlement to attorney's fees after a voluntary dismissal has properly discerned that in terms of analysis, there is a difference between cases where the trial court has made evidentiary determinations regarding standing and cases where such evidentiary determinations have not been made. *See Glass*, 2019 WL 98152 at *3 (distinguishing the application of *Bank of New York Mellon Trust Co. v. Fitzgerald*, 215 So. 3d 116 (Fla. 3d DCA 2017) to the facts in *Glass* on the basis that there was an evidentiary determination in *Fitzgerald* that the bank did not prove it was a party to the contract); *Rodriguez*, 2018 WL 6528491 at *1; *Elkind*, 254 So. 3d at 1154. However, trial judges are frequently led down the wrong path by attorneys who fail to recognize the difference between who is the prevailing party in litigation and who has the burden of proof for entitlement to fees. More importantly, if a party to a suit seeks attorney's fees pursuant to a contract clause, but is not in a contractual relationship with the opposing party in the suit from whom fees are sought, it is improper to award attorney's fees based on the contract provision. *Novastar Mortg., Inc. v. Strassburger*, 855 So. 2d 130, 131 (Fla. 4th DCA 2003) ("Because the Strassburgers were not parties to the mortgage, they were not entitled to recover attorney's fees under the mortgage."); *see also Gibson v. Courtois*, 539 So. 2d 459, 460 (Fla. 1989) (determining that the fact that no contract was formed was dispositive on the issue of fees based on a contract provision); *Fitzgerald*, 215 So. 3d at 121 ("Because no contract existed between the parties, the trial court erred in awarding Fitzgerald attorney's fees pursuant to section 57.105(7)[.]"); *HFC Collection Ctr., Inc. v. Alexander,* 190 So. 3d 1114, 1117 (Fla. 5th DCA

2016) (holding that a party cannot employ section 57.105(7) as a basis for fees after proving the opposing party never became a party to the contract).

In granting rehearing and denying fees to the homeowner in this case, the trial court relied upon Judge Scales's insightful opinion in *Florida Community Bank, N.A. v. Red Road Residential, LLC*, 197 So. 3d 1112 (Fla. 3d DCA 2016). There, the bank filed a voluntary dismissal after one of the defendants, Rios, filed a motion for fees as a sanction under section 57.105(1), Florida Statutes. *Id.* at 1114. After the voluntary dismissal, Rios moved for fees under both section 57.105(1) and section 57.105(7) (the contract reciprocity fee provision). *Id.* The trial court denied fees under section 57.105(1), but granted fees under section 57.105(7). *Id.* Notably, Judge Scales observed that "[a]s section 57.105(7) plainly requires, to gain the benefit of its substantive entitlement to prevailing party fees, *the party seeking the benefit of reciprocity must be a party to the contract containing the fee provision*." *Id.* at 1115 (emphasis added). After making the observation, the opinion goes on to explain:

> Ada Rios does not appear to contest this proposition. Rather, in oral argument, she sought to distinguish the reasoning in *Novastar*[ *v. Strassburger*] by arguing that, in *Novastar* and other similar cases, the trial court actually adjudicated that the party seeking fees was not a party to the contract. Ada Rios points out that, in this case, the Bank voluntarily dismissed its lawsuit before such an adjudication occurred. Ada Rios argues that, as the prevailing party (by virtue of the Bank's dismissal), she should be the beneficiary of the fact that her status as a mortgagor specifically was not adjudicated.

> Not surprisingly, the Bank takes the contrary position in the form of this syllogism: because Ada Rios's principal defense was that she was not a party to the mortgage, and because Ada prevailed, therefore, for the purposes of section 57.105(7), Ada Rios was not a party to the mortgage.

> Regarding whether Ada Rios was a party to the mortgage, we note that both the Bank and Ada Rios take positions opposite to the positions they took before the Bank's voluntary dismissal of Ada Rios from the lawsuit. While both the Bank and Ada Rios suggest that the other party should be estopped from making its respective argument about whether Ada was a party to the mortgage, we view the case not from the parties' estoppel perspectives, but from the perspective of burden:

6

> *which party had the threshold burden of establishing whether Ada Rios was a party to the mortgage?*
>
> In our view, in order to avail herself of section 57.105(7)'s reciprocity, Ada Rios, as the prevailing party and *movant seeking fees under the mortgage's fee provision*, had the threshold burden to plead and establish that she was a party to the mortgage containing the fee provision. Ada Rios's status as the lawsuit's prevailing party does not equate to Ada Rios being a mortgagor under the mortgage so as to trigger section 57.105(7)'s reciprocity provision.

*Id.* at 1115-16 (emphases added) (footnote omitted) (citations omitted). The Third District reversed the order awarding fees and remanded the case for further proceedings because "[t]he burden lies with the prevailing party to establish, as a threshold matter, her status as a party to the contract." *Id.* at 1116. I agree with the Third District that in litigation seeking to enforce a contract (which includes foreclosure cases), establishing one party as the prevailing party in the suit does not necessarily establish that the prevailing party is also in a contractual relationship with the opposing party. *See id.*

In the trial court below, HSBC consistently argued in opposition to the homeowner's motion for fees, as well as in support of its motion for rehearing, that in order to prove entitlement, the homeowner had the evidentiary burden of proving not only that the homeowner was the prevailing party, but also that the homeowner and HSBC were in a contractual relationship while the foreclosure suit was being litigated. The trial court granted fees to the homeowner, after initially determining that *Red Road Residential* was factually distinguishable from this case. HSBC moved for rehearing contending the trial court erred in its interpretation and application of *Red Road Residential.* After entertaining argument on the motion for rehearing, the trial court granted rehearing and specifically set a new evidentiary hearing on the fee motion. At the conclusion of the new hearing on the fee motion, the trial court found that

> the Defendant [(the homeowner)] failed to prove that the Plaintiff [(HSBC)] and Defendant were parties to the note and mortgage. The Defendant's Answer denied paragraphs 3, 4, & 5 of Plaintiff's Complaint and Defendant's Affirmative Defense asserted the Defendant [sic] did not have standing to file the Complaint. These assertions have not been overcome by evidence to show the Plaintiff and Defendants were parties to the Contract.

7

My review of the transcript of the hearing confirms that the homeowner presented no evidence that the homeowner was in a contractual relationship with HSBC. Thus, it appears the trial court's finding was correct that there was no competent substantial evidence to support a determination that the homeowner and HSBC were parties to a contract which contained a provision of a fee award. Therefore, I contend that we have no legal basis to reverse the trial court. I disagree with the majority's conclusion that the copy of the note attached to the complaint provided "sufficient record evidence to demonstrate HSBC and the homeowner were parties to the underlying contract so as to justify attorney's fees pursuant to section 57.105(7)." Although on the issue of entitlement, it is not uncommon that stipulations, admissions in pleadings, and affidavits are frequently used, determinations on entitlement are not summary judgment proceedings, when entitlement is contested. In contested proceedings on entitlement, evidentiary hearings require proof by testimony, exhibits, or both.

In addition to arguing the homeowner was not entitled to attorney's fees for failure to carry its burden and provide evidence of a contractual relationship, HSBC made arguments below and on appeal asserting the homeowner could not make a factual showing of entitlement based on principles of judicial estoppel. Such arguments were incorrect and distracting. Trial advocates are to be reminded:

> In judicial proceedings, a party simply is not estopped from asserting a later inconsistent position (if that it can be called), unless the party's initial position was successfully maintained.

*Leitman v. Boone*, 439 So. 2d 318, 322 (Fla. 3d DCA 1983).

I emphasize that judicial estoppel arguments in these fee cases are distracting, when the argument is inappropriate, for a reason. I said above that *Elkind* was inapposite for the disposition of this case. I was one of the panel members deciding *Elkind*. In going back and reviewing our analysis and the briefs submitted in that case, I now realize that a somewhat similar argument about the burden of proof in fee cases was made in *Elkind*, but the clarity of the argument was lost by infusing it with arguments about judicial estoppel and not as a stand-alone argument.

For the reasons I have discussed, I would affirm the trial court.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***